FILED

2023 JUN -5 AM 10: 13

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### DIVISION OF JACKSONVILLE

| | |
|---|---|
| **WILLIAM H. ROGERS, Pro Se** (aka "Billy Rogers") Co-Founder of **Firehouse Subs** *Plaintiff* | Case No. 3:23-cv-662-BJD-PDB |
| | *JURY TRIAL DEMANDED* |
| vs. | **CAUSES OF ACTION:** |
| **FIREHOUSE of AMERICA, et. al.;** ("FOA") Firehouse Subs; Franchisor] | **17 U.S. Code § 501 Copyright Infringement** (Graphic Logo, Franchise Design Elements, Brand Identity) |
| **FIREHOUSE RESTAURANT GROUP, LLC., et. al.** ("FRG") Firehouse Subs Franchising Manager] EIN#: 59-3296186 | **17 U.S. Code § 106A - Attribution** |
| **DON M. FOX – FRG / FOA Chairman** | **Unjust Enrichment** |
| **SORENSEN BROTHERS, INC., et. al.** Formerly FIREHOUSE SUBS, INC. | **15 U.S. Code § 1120 Civil Liability for False or Fraudulent Registration** (S*eeking nunc pro tunc ruling toward Plaintiff regarding common law rights in marks and logos*) |
| **ROBIN O. SORENSEN, Co-Founder of FIREHOUSE SUBS.** | |
| **CHRIS R. SORENSEN, Co-Founder of FIREHOUSE SUBS** *Defendants.* | **Injunctive Relief FRCP. Rule 65** for FRG Contempt of a 2012 Federal Order |

Plaintiff, William H. Rogers under the Copyright Act of 1976, 17 U.S.C. §501(b) (per Copyright Law) and 15 U.S. Code § 1120 (per Trademark Law) sues the Defendants' (in their capacities as business entities publicly offering *"FIREHOUSE SUBS® Restaurants";* and/or as FRG / FOA Representatives and as the "Co-Founders") for money damages arising from Defendant's accruing acts of Copyright Infringement, and underline repeated USPTO Trademark Fraud(s).  Plaintiff seeks Injunctive Relief (FRCP Rule 65) for FRG's repeated Contempt of a 2012 Federal Court ORDER (and mandates in USPTO Solicitor, Letter) regarding the captioned parties.    Plaintiff in support of this Complaint states the following:

**PAGE -1-**

## **THE PARTIES**

1.    Plaintiff, William H. Rogers (A.K.A. Billy Rogers) is a State of Georgia resident, in Coweta, County and the mailing address for purposes of this legal action is 215 Rockhouse Road, Senoia, Georgia 30276 (Email: billyrogersemail@gmail.com  Phone: 828-817-4406

2.    Upon information and belief, Defendant Firehouse of America, LLC. (hereinafter "FOA" - FEI/EIN Number 01-0824932) is a corporation organized and existing under the laws of the state of Florida, registered to do business in the Commonwealth of Florida and as a limited liability company, conducts business in this District of the Commonwealth of Florida and has a principal place of business for FIREHOUSE SUBS® Restaurants at 12735 Gran Bay Parkway, Suite 150 Jacksonville, Florida 32258 and prior place of business located at 3410 Kori Road, Jacksonville, Florida 32257;

3.    Upon information and belief, Defendant Firehouse Restaurant Group, (INC., predecessor) and FRG LLC. (hereinafter "FRG" EIN#: 59-3296186) is a corporation organized and existing under the laws of the state of Florida, registered to do business in the Commonwealth of Florida as a limited liability company, conducts business in this District of the Commonwealth of Jacksonville, Florida and has a principal place of business for FIREHOUSE SUBS® Restaurants at 12735 Gran Bay Parkway, Suite 150 Jacksonville, Florida 32258 and prior place of business located at 3410 Kori Road, Jacksonville, Florida 32257;

**4.**    Upon information and belief, Defendant, Chris R. Sorensen remains the/a Co-Founder of FIREHOUSE SUBS and former executive of Firehouse Restaurant Group, (INC., predecessor) (hereinafter "FRG" EIN#: 59-3296186) and is accountable to the implied agreements (e.g. Royalties) regarding "FIREHOUSE SUBS" and Plaintiff, Rogers key creative work in the inception and from the Franchise Brand Identity exploitation since 1994;    Defendant Chris R. Sorensen resides in St Johns County Jurisdiction.

**5.**    Upon information and belief, Defendant, Robin O. Sorensen remains the/a Co-Founder of FIREHOUSE SUBS and former President of Firehouse Restaurant Group, (INC., predecessor) (hereinafter "FRG" EIN#: 59-3296186) and FIRHOUSE SUBS INC., FEI/EIN Number: 59-3250314 (another alter ego of the Sorensen Brothers, Co-Founders) and is accountable to the implied agreements (e.g. Royalties) regarding the "FIREHOUSE SUBS" venture and Plaintiff, Rogers key creative work in the inception and from the Franchise Brand Identity exploitation from 1994 until the end of 2021.  Defendant, Robin O. Sorensen resides in St Johns County Jurisdiction.

**6.**    Upon information and belief, Defendant "Sorensen Brothers, INC". (hereinafter "SB" - FEI/EIN Number  59-3250314 formerly FIRHOUSE SUBS INC. since 1994) (an alter ego of Co-founders,  Chris and Robin Sorensen) is a closed corporation organized and existing under the laws of the state of Florida, registered to do business in the Commonwealth of Florida and as a limited liability company, conducts business in this District of the Commonwealth of Florida and has a principal place of business 2628 State Road 13 North Saint Johns, FL 32259 (with former business locations at 12735 Gran Bay Parkway, Suite 150 Jacksonville, Florida 32258;

**PAGE -3-**

Upon information and belief, Defendant Sorensen Brothers, INC. (alter egos of Chris and Robin Sorensen and FIREHOUSE SUBS INC., remains the Co-Founders and former President of Firehouse Restaurant Group, (INC., predecessor) and LLC. (hereinafter "FRG" <u>EIN#: 59-3296186</u>) and is accountable to the 1993 implied agreements (e.g. Royalties) before any created corporations regarding "FIREHOUSE SUBS" and Rogers key creative work in the inception. Defendant Sorensen Brothers INC., is located in St Johns County Jurisdiction.

7.      Upon information and belief, Defendant Don M. Fox remains FRG Chairman and the former CEO of Firehouse Restaurant Group, (INC., predecessor) and FRG LLC. (hereinafter "FRG" <u>EIN#: 59-3296186</u>) and is accountable to the Co-founders, 1993 implied agreements and moreover the fraud in the inducement of Franchisee's regarding "FIREHOUSE SUBS" Brand Identity and infringement of Rogers key creative works created in the inception of FIREHOUSE SUBS.  Defendant Don M. Fox resides in St Johns County Jurisdiction.

<u>In Framing the Case Issues Below</u>:

Plaintiff' ask the captioned Parties and this Honorable, Court's indulgences.   Plaintiff', in framing the issues before this Court (and for case expedience) uses actual images throughout his pleading that offer adjudicative facts[1] to these legal proceedings.    Therefore, this Pleading is a bit lengthier in pages than an average textual Complaint filing by using the actual images to frame the case---with particularly.    Plaintiff', apologizes for any inconvenience in advance.

---

[1]  An adjudicative fact can be judicially noticed if it "is not subject to reasonable dispute." Fed. R. Evid. 201(b).

**PAGE -4-**

## JURISDICTION AND VENUE

**8.**    This is a civil action seeking damages and injunctive relief for Copyright infringement under the Copyright Act of the United States, 17 U.S.C. §101, et seq;

**9.**    This is a civil action seeking damages and injunctive relief under 15 U.S. Code § 1120 *Civil Liability for False or Fraudulent Registration*; and 15 U.S.C. §1064 *Trademark Cancellation* (fraud on the USPTO) and under 15 U.S.C. §1119.

**10.**    The Court has original subject matter jurisdiction over copyright claims and trademark claims pursuant to 28 U.S.C. § 1331 and 1338(a).    This Court also has supplemental jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy;

**11.**    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the infringement occurred in this district, and each Defendant either resides in this district or has substantial and continuous ties to this district.

**12.**    This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Florida, Jacksonville and also reside personally in this judicial district, and acts of infringement and repeated trademark fraud complained of herein have occurred in the State of Florida (and thereafter interstate) and in this judicial district.

**13.**    Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d) and in that Defendants' conduct business and sales in this District, a substantial part of the events, infringement or omissions giving rise to the claims occurred in this District, and Defendants' are subject to personal jurisdiction in this District;

**14.**    Venue lies within this Court pursuant to 28 U.S.C. § 1400(a);

## I.  FACTUAL ALLEGATIONS

**15.**    This is a case regarding Plaintiff's 1993 Copyrights[2] and Trademark Rights[3]; (the original FIREHOUSE SUBS Graphic Logo and common law trademark rights) that are expressed in the publicly displayed "FIREHOUSE SUBS" <u>Brand Identity;</u>

**16.**    Plaintiff, William Harris Rogers, Jr. (aka "Billy Rogers") was a graduate from the State of Florida Fire College (Ocala, Florida); Plaintiff, William H. Rogers, Jr. ("Billy Rogers") thereafter was a Professional Florida Firefighter serving the City of Rockledge Fire Department in Florida;

**17.**    Plaintiff, William Harris Rogers, Jr. has known Chris Sorensen and Robin Sorensen (FIREHOUSE SUBS "Co-Founders") on both a personal and business level since 1978. (i.e. "Best-man", "God-father", "Partner", etc);

**18.**    In 1993 the Plaintiff did "<u>create intellectual property with the Sorensen's</u>" (re: creations of the mind) regarding the business venture "FIREHOUSE SUBS" [4] ;

**19.**    In 1993, Plaintiff together with Co-Founders, Chris and Robin Sorensen, <u>at the inception</u> of "FIREHOUSE SUBS", did create (mastermind) intellectual property(s) that were a collection of ideas and concepts that would be utilized in the formation stages of doing business as "FIREHOUSE SUBS";

**20.**    Plaintiff's ideas and concepts created (brainstormed) with Chris and Robin Sorensen, (hereinafter "Co-Founders") did significantly "help co-found "FIREHOUSE SUBS" <u>before any of the Corporations and during Corporate Brand Franchise Operations to this date.</u>

---

2 e.g. Franchise Design Elements: colors, shapes, textures and all FIREHOUSE SUBS Logo derivatives= Brand Identity.
3 Trademark fraud happens when the mark owner knowingly made a false representation to the U.S. Patent and Trademark Office regarding a material fact. When a trademark owner willfully withholds material information also it can amount to trademark fraud. Normally, the USPTO will not have issued the registration but for its reliance on the false representation.
4 Polygraph results may be inadmissible under Federal Rule of Evidence 608 "unless or until the credibility of that witness [is] first attacked." United States v. Piccinonna, 885 F.2d at 1536.

**21.**    Plaintiff thereafter solely created the "1993 Firehouse Subs Business Booklet" on a computer (a rare home device in 1993) and fixed in a tangible medium of expression the venture brainstormed with the Co-Founders Chris and Robin Sorensen—in which a color printed booklet (8 pages) was produced—pursuant to 17 U.S.C. § 102(a);

**22.**    In 1993 the "1993 Firehouse Subs Business Booklet" was secured (copyrighted) automatically upon creation by the Plaintiff.   17 U.S.C. §302(a);

**23.**    Plaintiffs' original work ("1993 Firehouse Subs Business Booklet") was the official promulgation that by script and imagery detailed the birth and origination of the key formation stages of the "FIREHOUSE SUBS" Franchise venture and was the "genesis" of the "Firehouse Subs Restaurant System",---Brand <u>Franchise;</u>

**24.**    Plaintiff asserts that his created, original work; literary imagery and design elements expressed in the; "1993 Firehouse Subs Booklet", was/were to advance the Plaintiff's / Co-Founder's mutual "FIREHOUSE SUBS" interests;

## <u>PLAINTIFF'S IP RIGHTS ALLEGATIONS ---TRADEMARKS</u>

**25.**    Plaintiff, Rogers common law rights (under Fla. Stat. 495.161) to any marks; like "FIREHOUSE SUBS", (and the Graphic Logo) were <u>lawfully established in the</u> <u>1993</u> by first-use on product and thereafter are evident in public displays of the Brand Identity "FIREHOUSE SUBS" just like ("confusingly similar" to) the marks & graphic logos expressed therein / on the "1993 Firehouse Subs Business Booklet".

**26.**    Plaintiff will prove by credible sources like the <u>Department of Commerce /</u> <u>Office of Inspector General Investigative Report: 19-0529 and as evidenced by Federal</u> <u>Court Records with Full Faith & Credit)</u> all the FRG Registered Trademarks since 1995; <u>the entire "FIREHOUSE SUBS" Portfolio,</u> were fraudulently obtained and maintained and under the Lanham Act—and are invalid and unprotectable;

**PAGE -7-**

**27.**    Plaintiff seeks a Consolidated Cancellation of <u>all</u> the fraudulently obtained and maintained FIREHOUSE ("SUBS" Disclaimed) Trademark(s) since 1995 under 15 U.S.C. §1064, 37 C.F.R. § 2.111(b) & § 2.112(b) 15 U.S. Code § 1120 and 15 U.S.C. §1119.    <u>Key marks exploited and at the center of this dispute are;</u>

**28.**    U.S. Registration No. 1903135 and U.S. Registration No. 1983934 and U.S. Registration No. 2606263 and U.S. Registration No. 3246353 and US. Registration No. 2806118--{<u>FRG using this recently obtained mark against a 2012 Federal ORDER to not "renew" use</u>); however, all the "FIREHOUSE" ("SUBS" Disclaimed) Trademark Portfolio has been "renewed" since 2012;

**29.**    FRG filing misrepresentations since 1995 (by Robin Sorensen, Co-Founder) in "the first successful" FRG trademark for "FIREHOUSE SUBS EST 1994"- U.S. Registration No. 1983934 and <u>all</u> existing Trademark filings thereafter (and maintenance filings) concern facts that are material to the Application(s) and the USPTO's decision to issue or cancel a Registration under Trademark Act § 14 and have cause dissolution by such acts [5] of fraud;

**30.**    Accordingly, Contempt of a 2012 Federal Court ORDER is currently in play [6] that requites injunctive Relief under FRCP Rule 65;

---

[5] Fraud on the USPTO, Passing off, and unfair competition, Dilution of a federally registered trademark.
[6] This <u>2004</u> "FIREHOUSE" Registered Trademark (US. Registration No. 2806118) belonged to <u>Ultimate Gourmet, LLC., (NJ) and Blue Water Manufacturing, Inc. (TX) as agreed from 2004</u> and used in their sauce business until March 31st 2023. FRG is acting like back in 1997 when filing <u>Serial Number:75423222 under another Section 2d in Class 43</u>—and regarding the word mark **"FIREHOUSE"** (owned by N.Y.C. Wings Co. / Jeremy Wladis).    Now, in 2023 FRG looked to secure (by subterfuge) another existing "FIREHOUSE" Reg. Trademark (by consent or assignment) and then allegedly use the earlier first use dateline in another intent to deceive the USPTO and/or prospective Franchisees' (or SEC.) pretending; <u>under the color of law</u>, that FRG do hold/own a lawful, valid ®"FIREHOUSE" (SUBS" Disclaimed) Trademark Portfolio (77+) since the "very first" "FIREHOUSE SUBS EST 1994" filing fraud.    The USPTO Records (datelines) reveal the rest of FRG's bad faith filings.    FRG Registrations <u>"FIREHOUSE"</u> (SUBS" Disclaimed) are/were not lawfully obtained or maintained. Even more, there is/was an Order <u>to cancel **"FIREHOUSE" and shall not be" renewed"** by FRG **"forevermore".**    But who would know this contempt of a Federal Court ORDER at the USPTO?</u> Plaintiff makes an offer of evidence available; the <u>2022 Department of Commerce / Office of Inspector General Investigative Report 19-0529 (See EXHIBIT #7. and CLAIM #4. below)</u>. China is not the only entity that acts fraudulently regarding false and misleading filings to the USPTO (the Foxes are in charge of the Henhouse).    Department of Commerce / Office of the Inspector General USPTO Report OIG-21-033-A (<u>See "EXHIBIT"C" Below.</u>) ---that clearly relates there are no fraud controls in place at the USPTO.

31.    Plaintiff's use of the word mark "FIREHOUSE" SUBS has been since 1993 and further by Jingle and/or firehousesubs.me online and in providing virtual "FIREHOUSE SUBS" food services and franchise disclosures for over 29 years now;

32.    Plaintiff's claims of fraud under 15 U.S. Code § 1120 and 15 U.S.C. §1064 can be affirmed by prima facia evidence [7] (e.g. Department of Commerce/Office of Inspector General Investigative Report: 19-0529);

33.    Plaintiff's claims of fraud under 15 U.S. Code § 1120 and 15 U.S.C. §1064 can be affirmed by prima facia evidence from Federal District Court Records (with Constitutional Full Faith and Credit) and details the FRG repeated trademark fraud ("willful disregard for the truth"[8]) since Defendants "first successful" filing (executed) by Co-Founder, Robin Sorensen in 1995---and the civil liabilities that arise out of the Defendants' repeated exploitation of the "FIREHOUSE SUBS" in Brand Identity  using Copyrights and Trademark Rights of the Plaintiff;

34.    Registrant, Robin Sorensen O/B/O FRG in 1995 was/is not entitled to the registration(s) of the wordmark "FIREHOUSE" ("SUBS" Disclaimed);

35.    Plaintiff will prove since 1995 Registrant and Declarant; Robin Sorensen, FIREHOUSE SUBS Co-Founder O/B/O FRG, et al. "obtain fraudulently" all the captioned "FIREHOUSE" SUBS registration(s); by subterfuge and violated 18 USC §1001 & 37 C.F.R. 11.18 because, at that filing time in 1995, Registrant had "knowledge" of predating senior users in commerce. (FIREHOUSE N.Y.C. & FIREHOUSE GRILL & PUB, Tampa);

---

[8] TTAB Precedence: Chutter, Inc. v. Great Concepts, LLC., Cancellation No. 92061951 - "Reckless disregard" satisfies the requisite intent for fraud on the USPTO in trademark matters and is the legal equivalent of finding that a party had specific intent to deceive the USPTO. TTAB has now ruled in the affirmative and has made clear that a signatory cannot hide behind willful blindness as to the contents of USPTO filings.

**PAGE -9-**

Pursuant to 37 C.F.R. § 11.18(b)(2)(i), a registered practitioner (or individual) who presents a paper to the Office [implicitly] certifies to the best of his or her knowledge, information, and belief formed after an inquiry reasonable under the circumstances that, inter alia, the paper is not being presented for any improper purpose.

Also, pursuant to 18 U.S.C. Section 1001 stipulations upon the signatory's sworn declaration.    18 U.S.C. §1001. Statements or entries generally:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

**36.**    Plaintiff avers that he was and is; and will continue to be harmed, by the registration of the marks "FIREHOUSE SUBS"(Hereinafter "Registered Marks") by the captioned Defendants, when he too has the right to use the mark(s) legally (under Federal Trademark Registration) whereas the Defendants do not have legitimate rights because of fraud on the USPTO;

**37.**    As of April 1st, 2022 Plaintiff, Rogers has been attempting to prosecute a Trademark Application at the USPTO for Registration of the wordmark "FIREHOUSE" ("SUBS" Disclaimed) US Serial Number: 97342247, in Class 43 *Restaurant Services*, and others, based on Rogers common law rights (under Fla. Stat. 495.161) and first-use since 1993 in Brand services;

**38.**    FRG's fraudulently obtained and maintained Registered Trademarks since 1995 stands as a legal bar (Section 2d) to Plaintiff, Rogers lawful USPTO Trademark Application regarding "FIREHOUSE" US. Serial Number: 97342247.    Plaintiff has been damaged and is being damaged.

**FEDERAL DISTRICT COURT VENUE  VS.  USPTO / TTAB VENUE:**

**39.**   Plaintiff will not pursue Trademark matters at the United States Patent and Trademark (USPTO) / (TTAB) Trademark Trial and Appeals Board due to the lack of fraud controls (or the will?) at the USPTO / TTAB (**EXHIBIT "3."**) and this case requires common observers in a Jury Trial

**40.**   Unexplainably, the USPTO / TTAB / OED are a Federal Agency that have put in place a TMEP Rule (likely usurping Federal Law, like U.S.C. 18 §1001) that forbid the attorney's employed (Examining Attorneys) to have any inter office communications (oral or written) about any likely fraud on the USPTO.   **TMEP Rule Exampled Here:**

- TMEP §720 Fraud Upon the USPTO: *Under no circumstances should any USPTO Communication pertaining to fraud be made, either orally or in writing, by anyone in the Trademark Examining Operation;*

**41.**   Whereas; in TMEP §906.04 Fraud, Improper *use of the federal registration symbol,®, that is deliberate and intends to deceive or mislead the public or the USPTO is fraud.*     See Copelands' Enters. Inc. v. CNV Inc., 945 F.2d 1563, 20 USPQ2d 1295 (Fed. Cir. 1991); Wells Fargo & Co. v. Lundeen & Assocs., 20 USPQ2d 1156 (TTAB 1991).     Accordingly, Co-Founder, Robin Sorensen O/B/O FRG Registrations have intended to deceive the USPTO since 1995.

**42.**   Furthermore, FRG's former Intellectual Property Attorney, Jonathan Hudis from the Quarles & Brady Firm was appointed as Trademark Trial and Appeals Board Judge.   TTAB Judge, Jonathan Hudis, currently.

**43.**   Plaintiff respectfully seeks a Federal Jury Trial;[9]

---

[9] For the record another 2021 OIG Case number OIG-21-033-A ("Dept. Commerce Office of Inspector General Says USPTO is "Failing to Prevent Fraudulent Trademark Registrations" OIG 2021 Fraud Report for review "EXHIBIT 3." | Peer Report for Review 17 "USPTO lacks a comprehensive fraud risk strategy."–extracted from within the OIG Case number OIG-21-033-A

**PAGE -11-**

## II. THE LANHAM ACT --- AND LEGAL AUTHORITIES ---IN PART:

**44.**   When applying for registration for a trademark, the applicant must affirmatively state that it knew of nobody else who had the right to use the same or confusingly similar trademark.    Failure to do so is a violation of 15 U.S.C. 1120 (Civil Liability for False or Fraudulent Registration) and leaves the applicant open to an attack by another entity for trademark registration cancellation.

The Lanham Act §14(3) permits cancellation of a U.S. trademark registration, at any time, if the registration "was obtained fraudulently.";

> "Obtained" in this context has been interpreted to mean not only the procurement of the initial registration, but the maintenance (Section 8), renewal (Section 9), and incontestability status (Section 15) of an existing registration. "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representation of fact in connection with his application."  **Torres v. Cantine Torresella S.r.l., 1 U.S.P.Q.2d 1483, 1484 (Fed. Cir. 1986).**

> Lone Star Steakhouse & Saloon, Inc. v. Alpha of VA, Inc., 43 F.3d 922, 931, n.12 (4th Cir. 1995), which said that "the Lanham Act provides that trademarks procured by fraud are unenforceable."

In the case of Chutter, Inc. v. Great Concepts, LLC., Cancellation No. 92061951, the Trademark Trial and Appeal Board (TTAB) has ruled that "reckless disregard" can be considered sufficient intent for fraud on the USPTO in trademark matters and is legally equivalent to finding that a party had specific intent to deceive the USPTO.    This means that even if a party did not have a specific intent to deceive the USPTO, their reckless disregard for the truth can still be considered fraudulent.

**45.**   Co-Founder, Robin Sorensen O/B/O FRG affirmatively stated falsely in the 1995 Application FIREHOUSE SUBS EST 1994 (Serial#: 1983934) and thereafter:

**PAGE -12-**

46.   Furthermore, Plaintiff's brand mark design elements (colors, shapes, textures, attributes) regarding the very first, "FIREHOUSE SUBS" Graphic Logo (Bottom Logo of comparison graphic below) was created by Rogers in 1993 and has been embellished aesthetically in/as derivative works; and to date the FIREHOUSE SUBS Logo's *"total concept and feel"* is substantially similar to Plaintiff's very first, original FIREHOUSE SUBS graphic Logo in 1993.   An actual example is here:



**ABOVE IMAGE**: Plaintiff, Rogers created the very first "Firehouse Subs" Logo Graphic (Bottom); a Marquee Logo, on the 1993 Firehouse Subs Booklet that expressed a metal, grill type look with bolts/rivets and a similar type-set shape as exampled above in the comparison.

47.   With emphasis, Defendant's FIREHOUSE SUBS graphic logo (exampled above on top) were/are derivative works of the Plaintiff's 1993 "FIREHOUSE SUBS" Graphic Logo Marquee and hence forth have been perpetually exploited in public print and in public display in Franchise Store Marquees', printed on FIREHOUSE SUBS Store Bags, Sandwich Wraps, Beverage Cups, on Marketing Materials, and as countless images on the web as posted online, and in Television Broadcasts, etc., without the original author's/owner's authorization since 2012---or proper compensation for the key intellectual property contributions of  Plaintiff, Rogers since 1993 ;

III.) ROGERS INTERESTS IN THE "FIREHOUSE SUBS" BRAND MARK(S)

**48.** Plaintiff; was actively involved in the key formation stages of "FIREHOUSE SUBS" (later known as Firehouse Subs, Inc., Firehouse Restaurant Group, Inc., et al.);

**49.** Plaintiff, in 1993 coined the trade name / mark: "FIREHOUSE SUBS";

**50.** Plaintiff was a Florida Resident in Jacksonville, Florida since 1978 and had his principal place of business located there in 1990 to 2001.   Plaintiff created; and embedded on product, the wordmark FIREHOUSE SUBS (the Brand Franchise) after creating the Seminal FIREHOUSE SUBS Graphic Logo with the Seminal "FIREHOUSE SUBS" trademark in 1993; at his own expense, for the FIREHOUSE SUBS venture.      To wit; Trademark and Copyright Law overlap;

**51.** Plaintiff's common law rights "zone of protection" (first, acquired in Florida) has exponentially expanded geographic areas by the Co-Founders interstate exploitation of the FIREHOUSE SUBS trademark(s) since 1993 and to date[10];

**52.** Plaintiff asserts since 1993 he has had senior common law rights; that are analogous, to operate under the 1993 mark(s) "FIREHOUSE SUBS" and Nunc Pro Tunc should be granted his Federal Trademark Registration(s) and other equitable and injunctive relief be permitted posthaste.


## IV.  LEGAL STANDING

Rogers damaged by the "FIREHOUSE SUBS" Brand Mark(s):

**53.** Plaintiff has priority trademark rights through his enduring common law rights (State of Florida) since 1993 and thereafter expanded interstate by his Co-founders concerning the FIREHOUSE SUBS mark(s) in question here;

---

[10] Abercrombie & Fitch Co. v. Hunting World, Inc. (1976); Two Pesos, Inc. v. Taco Cabana, Inc. (1992) Wal-Mart Stores, Inc. v. Samara Brothers, Inc. (2000).     **Plaintiff holds common law rights in unregistered trade dress and the basis of protection is 43(a) of the Lanham Act (15 U.S.C. §1125(a)), alongside  common law rights to the "FIREHOUSE SUBS" Trademark(s) —since 1993.**

**54.** In 1993 Plaintiff was the very <u>first</u> to use the "FIREHOUSE SUBS" mark ("FIRST USE" pursuant to TMEP §§903 et seq., 2021) in connection with Restaurant Services and for Brand Franchising and with the "FIREHOUSE SUBS" mark attached to that brand product, and thereafter;

**55.** Plaintiff has/have been and remains to be damaged (Sections 13., 14., of the Lanham Act) and has a direct and personal stake in the outcome of this proceeding.

**56.** The term "damage," as used in Sections 13 and 14 of the Act, 15 U.S.C. §§ 1063 and 1064, concerns specifically a party's standing to file an opposition or a petition to cancel, respectively.    Plaintiff believes that he was and is; and will continue to be harmed, by the registration of the mark "FIREHOUSE SUBS" ("Registered Marks"), U.S. Registration No. 1983934, U.S. Registration No. 2606263 and U.S. Registration No. 3246353---et al.;

**57.** A party may establish its standing to oppose or to petition to cancel by showing that it has a "real interest" in the case, that is, a personal interest in the outcome of the proceeding and a reasonable basis for its belief in damage;

> See Ritchie v. Simpson, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir.1999) and TBMP § 309.03(b). There is no requirement that actual damage be pleaded and proved in order to establish standing or to prevail in an opposition or cancellation proceeding.  See Cunningham v. Laser Golf Corp., 222 F.3d 943, 945,55 USPQ2d 1842, 1844 (Fed. Cir. 2000)

**58.** The Plaintiff is entitled to bring a statutory cause of action pursuant to 15 U.S.C. §1064, 15 U.S. Code § 1120 and 15 U.S.C. §1119 and has a real interest and damage proximately caused by the FIREHOUSE SUBS Registered Mark; and further, there is a likelihood of dilution of Rogers created mark(s) (and first logo) because of the Co-Founders, FRG / FOA fraud upon the USPTO for 28 years;

59.   Plaintiff, has used (first-use) in commerce (Section 1(a)), and has an intent to use the same mark for the same and/or related goods and services, and is moving to file an "in-use" and "intent-to-use" (Section 1(b)) application to register the mark(s), "FIREHOUSE" and "FIREHOUSE SUBS" and any registration of these mark(s) by Rogers will be refused in view of respondent's (ill-gotten) registrations, whereas this satisfies the "damaged" requirement;

60.   Plaintiff, has a direct and personal stake in the disputed Trademarks.

61.   Plaintiff, in good faith commerce, is seeking to file Federal Applications, and continue to exploit the Brand Identity Rogers solely, created and the "FIREHOUSE" and "FIREHOUSE" SUBS" mark(s); and where feasible, (in forward Franchise duplication) Rogers desires to license rights to 3rd parties that do not legally own the Brand Identity and any rights to use "FIREHOUSE" mark(s) pursuant to the Lanham Act and other Federal and State Law;

62.   Plaintiff has not further pursued Trademark matters at the TTAB due to the lack of fraud controls there ("EXHIBIT 3."). This case requires a Jury Trial;

63.   There is/been irreparable harm for Plaintiff, Rogers to not be permitted to lawfully file Trademark Applications for "FIREHOUSE" ("SUBS" Disclaimed);

64.   Plaintiff does hold exclusive, senior rights to the mark "FIREHOUSE SUBS" pursuant to common law rights since 1993 and similar graphic logos;

65.   In 1995 Trademark Register, Robin Sorensen O/B/O FRG filed "Declarations" Section under 18 USC §1001 & 37 C.F.R. 11.18 that were false or fraudulent statements.  Dozens of trademarks were procured & maintained by fraud.

66.   The Register / FRG by repeated USPTO filings has violated the "Declarations" Section under 18 USC §1001 & 37 C.F.R. 11.18, in perpetuity, since 1995 and Defendants are not legally entitled to the mark(s) under the Lanham.

## V.  PLAINTIFF'S IP RIGHTS ALLEGATIONS---COPYRIGHTS:

**67.**    Plaintiff's "1993 FIREHOUSE SUBS Business Booklet', was created for the three (3) firefighter's concerning their <u>franchise venture</u> and the key Intellectual Properties created by Plaintiff Rogers and as embodied in Rogers 1993 FIREHOUSE SUBS Business Booklet and thereafter exploited in Franchising from 1994 to current date and such key Intellectual Properties altogether make up the entire <u>FIREHOUSE SUBS **Franchise "Brand Identity"**</u> as offered by Franchising by FRG/FOA and publicly displayed Nationally and abroad to the date of this writing   (**See CLAIM #1.**).

**68.**    Some FIREHOUSE SUBS <u>Brand Identity</u> examples (some side-by-side comparisons below) are of substantial, and even striking similarity between Rogers's FIREHOUSE SUBS crude original work; the "1993 FIREHOUSE SUBS BUSINESS BOOKLET", that embodies literary franchise décor' staging and graphic "design elements" for public display, and the FIREHOUSE SUBS <u>brand</u> mark (the first, Graphic "FIREHOUSE SUBS" Logo Marquee and other key slogans).

**69.**    Thereafter Plaintiff, Rogers created intellectual properties embodied "1993 FIREHOUSE SUBS BUSINESS BOOKLET were exploited in public display, and the FIREHOUSE SUBS <u>brand</u> mark (the first, Graphic "FIREHOUSE SUBS" Logo Marquee this Brand Identity has/have been used repeatedly in Defendants' "FIREHOUSE SUBS" Brand Identity and Brand Franchise Store's *"unique Firefighter themed atmosphere"* (as offered in FRG mandatory "Franchise Disclosure Document" / FDD) and these intellectual properties (of Plaintiff) are an images overview here below:

**PAGE -17-**

**IMAGE BELOW:** Cover of 1993 Firehouse Subs Business Booklet (8 Pages) authored and created by Plaintiff, Rogers in 1993 before the first "Firehouse Subs " Store Grand Opening on 10/10/1994.



**IMAGE BELOW:** 1993 Firehouse Subs Business Booklet Page #1. "Decor" authored and created by Plaintiff, Rogers in 1993 before the first "Firehouse Subs " Store opening 10/10/1994.



## The Brand Identity is within the pages of the 1993 FIREHOUSE SUBS Business Booklet:



PAGE #1. CLOSE-UP: FIREHOUSE SUBS – "DECOR"– "1993 Firehouse Subs Business Booklet"





IMAGES: Current Interior of "Firehouse Subs Franchise" Store Unit  as expressed and created by Plaintiff, Rogers in 1993 Firehouse Subs Business Booklet (left)



**Substantial similarity between Plaintiff's "1993 FIREHOUSE SUBS BOOKLET":**

INTERIOR ELEVATION

**ABOVE: Corporate design elements in adaptation gleaned from Rogers authored and created 1993 original work.**

**BELOW: Excerpt of Page 1 of the "1993 Firehouse Subs Business Booklet" "Decor".**

... IN THE FIRE SERVICE. THIS ORIGINALLY SPARKED THE IDEA FOR A SUB SHOP WITH A FIRE DEPARTMENT THEME.

DECOR

THE DECOR OF THE STORE WILL RESEMBLE MANY THINGS FOUND IN A FIRE STATION, SUCH AS: FIRE COATS AND HELMETS AGAINST A RED BRICK WALL; PICTURES FROM OUR LOCAL FIRE DEPARTMENT OF HORSE DRAWN FIRE ENGINES; OTHER RELATED SHOTS, PAST AND PRESENT; A BRASS SLIDE POLE; AND A PUMP PANEL FROM AN AUTHENTIC FIRE ENGINE IN WHICH THE BEER TAP WILL BE DRAWN. THERE WILL BE FIRE EQUIPMENT, SUCH AS A FIRE AX AND A PIKE POLE HUNG UP IN A TASTEFUL MANNER.

THE THEME WILL LEAN MORE TO THE OLDER ERA OF FIREFIGHTING AS FAR AS THE DECOR OF THE INTERIOR. WE FEEL THIS WAS A MORE COLORFUL TIME AND WILL GIVE THE CUSTOMER A FEEL FOR THE PAGEANTRY AND THE WAY IT WAS IN THAT DAY. SIMILAR THEMES ARE "SUBWAYS" OLDER CITY LOGOS AND TRANSIT. BENNIGAN'S ALSO USES ANTIQUES IN THEIR DECOR TO REFLECT AN OLDER ERA.

**Samples in example of "FIREHOUSE SUBS" Franchise Stores public displays:**





ABOVE: Corporate design elements gleaned from Rogers authored and created 1993 work.



ABOVE: Cover of the 8 Page; 1993 Firehouse Subs Business Booklet authored and created by Plaintiff, Rogers in 1993 before the first "Firehouse Subs " store opening in 1994

ABOVE: Interior of "Firehouse Subs Franchise" Store Unit  as expressed and created by Plaintiff, Rogers in 1993 Firehouse Subs Business Booklet (left)





**A tangible, "1993 Firehouse Subs Business Booklet" (8 total pages) of Plaintiff, Rogers original 1993 work is available as an offer of proof** [11]

---

[11] Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157, 1162 (9th Cir. 1977).

PAGE -21-

## VI.)  ROGERS CREATIVE PRODUCTIONS OVER THE YEARS:

**70.**  Plaintiff, Rogers has spent much of his lifetime as an artist; creating, authoring, producing music, lyrics, poems, scripts, video, graphic designs;

**71.**  <u>One</u> of Roger's artistic creations over the years was a video production, as written, produced and acted out by Rogers, while his friends since 1978; Chris and Robin Sorensen, were operating "**Sorensen Video Productions**" (in 1989/90 - 3 years[?] before the creation of "FIREHOUSE SUBS").   This video production was called "Rags to Riches" a Florida Lottery Ad.   An Actual, Screen Shot Example of Chris Sorensen's 2009 Facebook Post <u>shares this particular 1990</u> <u>creative video work by Plaintiff, Rogers and the Sorensen's  ---and is here:</u>



72.    In 1993, a far more successful, brain storming took place for Plaintiff, Rogers, when Rogers alongside his longtime friends; Chris and Robin Sorensen, Co-Founded the "FIREHOUSE SUBS" Brand Franchise "venture";

73.    During the genesis of "FIREHOUSE SUBS", Rogers solely created the "1993 Firehouse Subs Business Booklet" (8 pages); among other things, for the venture.

74.    Plaintiff, Rogers literary visuals and graphic creations within the "1993 Firehouse Subs Business Booklet" expressed the "<u>FIREHOUSE SUBS</u>" <u>Franchise</u> "<u>Brand Identity</u>" (Logo, Trademark Rights, Copyrights) ("total concept and feel") for public display and foretold of the subsequent Franchising (by "Duplication");

75.    Rogers created and contributed key intellectual properties in the formation stages of the brand "FIREHOUSE SUBS", even the <u>first</u> *trademark*;

76.    Robin and Chris Sorensen, Co-founders, in 1993 were entrusted with 2 inaugural copies each of Plaintiff, Co-Founder, Rogers original work (Exampled Images herein); that was called the "1993 Firehouse Subs Business Booklet", before any brick and mortar store by any Corporation(s) in the State of Florida;

VII.    PLAINTIFF'S COPYRIGHT ARGUMENT REGARDING THE ENTIRE "FIREHOUSE SUBS" FRANCHISE BRAND IDENTITY:

77.    Plaintiff, argues, a <u>Franchise</u> at its core is a third-party corporation duplicating a specific business model and brand identity which aesthetically embodies the distinct brand; model, design elements, and Graphic Logo, etc.; like, the Co-Founders of FIREHOUSE SUBS, used as a face to the consumer;

<u>Major premise</u>: Duplication is the crux of Copyright.

<u>Minor premise</u>: Brand Franchising duplicates.

<u>Conclusion</u>: Brand duplication is Copyright infringement (misappropriation)

78.    <u>Brand duplication is Franchising</u>.    <u>Duplication is the crux of Copyrights.</u>

VIII.   A HAND-SHAKE PARTNERSHIP BETWEEN THE CO-FOUNDERS:

**79.**   In 1993, before any Incorporation(s), or any brick-and-mortar store(s) there was tacit agreement made in a meeting between Plaintiff, Rogers and; Chris Sorensen and Robin Sorensen that led to the creation of the "1993 Firehouse Subs Booklet" (Rogers copyrightable expressions) and the "FIREHOUSE SUBS" venture and therein that "Firehouse Subs Business Booklet" both parties express mutual" we" business proposals and interests;

**80.**   Plaintiff in 1993 entered into "an agreement 'implied in fact'" during the inception of FIREHOUSE SUBS with Chris and Robin Sorensen, Co-Founders, regarding Plaintiffs, work of authorship (the "1993 Firehouse Subs Booklet") alongside co-existing trust covenants that duty bound both the parties;

**81.**   Accordingly, "an agreement 'implied in fact'" is; "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding."[sic] Citing: U.S. Supreme Court ruling in Baltimore & Ohio R. Co. v. United States, 261 U.S. 592 (1923);

**82.**   The "1993 Firehouse Subs Booklet" solely created by Plaintiff, Rogers, led to all the subsequent brand design elements, in adaptations and derivative forms/works in Franchises by the Defendants and were performed and publicly display as/in FIREHOUSE SUBS Brand "Franchise". You can't un-ring a bell;

**83.**   "FIREHOUSE SUBS" Co-Founders, Chris & Robin Sorensen, together with Co-Founder, Rogers, as implied in-fact in 1993, mutually agreed with and condoned, the "1993 Firehouse Subs Business Booklet" and business mark(s).

**84.**   The "1993 Firehouse Subs Business Booklet" underlies all the FIREHOUSE SUBS Franchise Brand;

**PAGE -24-**

**85.**    Plaintiff's 1993 original work (Rogers created, copyrightable expressions) were thereafter used perpetually by "FIREHOUSE SUBS" Co-Founders, Chris & Robin Sorensen to create many derivative works; regarding Rogers literary imagery, Brand design elements and the Brand Logo with mark for public display.

**86.**    The Sorensen's / Co-founders even celebrated Plaintiff, Rogers original work (in 2010 the "1993 Firehouse Subs Business Booklet" hung in the FRG Corporate Offices / on the Boardroom wall), at the Kori Rd. location in Jacksonville;

**87.**    After 1994, Plaintiff's original work, the "1993 Firehouse Subs Business Booklet", the "total concept and feel"[12] therein, was/were recast in derivative works producing (consciously or subconsciously) in the real world; FIREHOUSE SUBS Restaurant theme and Franchise Brand Identity and the product was substantial similarity to Plaintiff's original work.    An "ordinary observer" review of Rogers 1993 original work will deduce the substantial similarity of the Brand Identity.[13]

**88.    Substantial similarity**, in US copyright law, is the standard used to determine whether a defendant has infringed the reproduction right of a copyright.    The standard arises out of the recognition that the exclusive right to make copies of a work would be meaningless if copyright infringement were limited to making only exact and complete reproductions of a work.

**89.**    In copyright law, a **derivative work** is an expressive creation that includes major copyrightable elements of an original, previously created first work (the **underlying work**).

---

[12] Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir. 1946); 17 U.S.C. §§ 106, 501 (2012).
[13] Arnstein, 154 F.2d at 468.

**PAGE -25-**





ABOVE IMAGE: Corporate design
elements gleaned from Rogers
authored and created 1993 work.

ABOVE IMAGE: Cover of the 8
Page; 1993 Firehouse Subs
Business Booklet authored and
created by Plaintiff, Rogers in
1993 before the first "Firehouse
Subs " store opening in 1994



RIGHT IMAGE: Robin and Chris
Sorensen at Firehouse Subs Store "total
concept and feel" in 2012 (the known
Co-Founders of "FIREHOUSE SUBS".

**90.** Plaintiff, Rogers, "FIREHOUSE SUBS" original work (Rogers copyrightable

expressions) subsequently underlies all the FIREHOUSE SUBS® Franchise

Brand in-store design elements (Brand Identity) since the first 1994 "public

display"; and as directed by the Co-Founders and captioned Defendants, have for

years publicly displayed derivatives and/or performed Plaintiff, Rogers original

work interstate and internationally by Franchising for substantial profits;

Thereafter, the literary imagery and graphic design elements of Plaintiff's

original work in 1993; remains to be, repeatedly intertwined throughout all

"FIREHOUSE SUBS" Brand Franchise Stores ("*total concept and feel*");

IX.) COPYRIGHT & TRADEMARK CLAIMS---AND LACHES OR SOL:

**91.** With emphasis, the Plaintiffs blind trust for his longtime friends (33 years) and brother Firefighters (Chris and Robin Sorensen) enabled the Plaintiff to be strung along for many years until the statute of limitations were assumed to be tolled and/or the doctrine of laches would bar any legal action;

**92.** Within the past years, the Supreme Court, in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962 (2014) and SCA Hygiene Products v. First Quality Baby Products, LLC, 137 S. Ct. 954 (2017) has limited the equitable defense of laches under both the Copyright Act and the Patent Act.

**93.** Accordingly, the statute of limitations for copyright infringement can "revolve" or start anew.   This can occur in situations (like in the Plaintiff's case) where a defendant engages in ongoing or continuing infringement. In such cases, the statute of limitations starts anew with each act of infringement.    Defendants copyright infringements have been perpetual.

X.    TRADEMARK FACTS REGARDING FRAUD ON THE USPTO:

**94.** During a recent investigation (Department of Commerce / OIG) related and confirmed fraud filings by Defendant's to procure the entire Trademark Portfolio;

**95.** There is actionable Trademark law (fraud in the procurement and maintenance) that can be proven in large part by a Department of Commerce / Office Of Inspector General Investigative Report 19-0529 and Federal Court Records (with full faith and credit) under 15 U.S. Code § 1120; and 15 U.S.C. §1064 and 15 U.S.C. §1119, whereas both claims overlap regarding Plaintiff's Copyright & Trademark Rights (Brand Identity) and have damaged and remains to damage Plaintiff.    Offers of material proof are available.

**96.** Plaintiff, original creator and brand user of the mark "FIREHOUSE SUBS" has been and remains legally barred and has legal exposures concerning FRG / FOA et. al., but Plaintiff contends FRG / FOA et. al., FIREHOUSE ("Subs" Disclaimed) trademarks are invalid as a matter of law (the Lanham Act) by obtaining and maintaining fraudulent trademark filings (Fraud on the USPTO) under <u>Section 15 affidavit/declaration</u> for over 28 years;

**97.**     Under, 15 U.S. Code § 1120; and 15 U.S.C. §1064 and 15 U.S.C. §1119 there is no Statute of Limitations on fraud under the Lanham Act:

**15 U.S.C. 1120 (SECTION 38 OF THE LANHAM ACT):**

<u>**Civil Liability for False or Fraudulent Registrations**</u>**:**
*Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.*

<u>**15 U.S. Code § 1064 (3) - Cancellation of registration**</u>
*(3) <u>At any time</u> if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional, or has been abandoned, <u>or its registration was obtained fraudulently</u>*

**98.**   The customer forward facing mark; "FIREHOUSE" SUBS is the Plaintiff, Rogers 1993 creation and Rogers hold common law rights geographically;

**99.**   The continued presence of the FRG fraudulent Registration Marks on the federal trademark register constitutes an obstacle to Plaintiff's intended continued use of the term "FIREHOUSE" ("Subs" Disclaimed) in future public brand displays, in brand marketing materials, or keywords and other brand works.    The invalid FRG Registrations, are thus, causing perpetual, injury and damages to Plaintiff

**100.** An example of the Defendants 1995 misrepresentations and omissions during Trademark Application(s) since 1995 is; Register / FRG (Co-Founder, Robin Sorensen) declared under 18 USC §1001 in 1995 that: *"no other person, firm, corporation, or association has the right to use the above identified mark in commerce, either in identical form thereof or in such near resemblance thereto…" ;*

**101.** While, FRG 1995 Register (being Robin Sorensen) had full knowledge of predating Trademark(s) that *"has the right to use"* like Plaintiff, Rogers since 1993 and like the Senior Registration; "FIREHOUSE N.Y.C." the/a 1993 Federal Registration (Jeremy Wladis) and Senior User Serial#: 1903135 at the time when Co-founder, Declarant, Robin Sorensen O/B/O FRG executed the FIREHOUSE" ("SUBS" disclaimed) Trademarks since 1995;   See  CLAIM #4. below in toto.

**102.** The foregoing statements and representations of the Register / FRG were made with the intent to induce authorized agents of the USPTO to grant said registration including the examining attorney, and reasonably relying upon the truth of said false statements, the USPTO did, in fact grant said registration(s);

**103.** Therefore, there is actionable trademark law (Fraud upon the USPTO and upon others) pursuant to 15 U.S. Code § 1120; and 15 U.S.C. §1064 and 15 U.S.C. §1119, and the Plaintiff's legal claims and ramifications overlap regarding copyright and trademark law and have damaged and remains to damage the Plaintiff.

**104.** Plaintiff in 1993 did create original literary expressions (literal imagery) and design element work regarding the Brand Identity "FIREHOUSE SUBS" Franchise business 14;

---

[14] Brand identity is the visible elements of a brand, such as color, design, and logo, that identify and distinguish the brand in consumers' minds.   Arguendo---FIREHOUSE SUBS was/is based on, and adapted from, copyrighted works and the famous marks / slogans as authored by Plaintiff, Rogers, and expressed and utilized in the "1993

**PAGE -29-**

XI.)    2012 OUTRIGHT DENIAL OF PLAINTIFF'S CREATIVE WORK:

**105.** As stated, Plaintiff, Rogers, was a very close personal friend with Chris Sorensen (and his 9 years junior brother, Robin Sorensen) ---since 1978;



1992 - Top row center Robin Sorensen (Groom) "Tab" (Bride) with Cecily Sorensen & Capt. Rob Sorensen far right hand side. Bottom row bridal party viewing, going left to right, are Billy Rogers and Chris Sorensen with children (Eric and Steffi).

**106.** Plaintiff, Rogers, was once like family to all the Sorensen's for decades, and from the outset in 1993, Plaintiff was instrumental in the inception of the brand vision, creation, design elements, logos, slogans and the specified Brand Franchising (Brand Identity duplication) that was/is---"FIREHOUSE SUBS";

**107.** Like a brother; Rogers was summons to family crisis's over the years also;

**108.** Yet, on **July 23rd 2012** (after repeated assurances by Chris Sorensen to Plaintiff; the last one made in 2010 to Rogers and his wife , *"I'm going to take care of you"*) Chris and Robin Sorensen, through their IP Lawyer, Richard S. Vermut sent a letter with written statements, that claimed (outright denied) that Plaintiff,

FIREHOUSE SUBS BUSINESS BOOKLET" (an 8-page graphic and literary booklet created solely by, Rogers in the inception of /for the Firehouse Subs business venture in 1993).

1  Rogers, was involved with Chris and Robin Sorensen at the genesis of FIREHOUSE

2  SUBS <u>whatsoever</u> and/or involved in any "partnership" or ensuing corporation(s);

3  **109.** In support of this Complaint (Re: the Copyright claims) and regarding the

4  Supplementary Copyright Application TX 6-250-375 herein Exhibit #2.

5  ("Copyright Recordation") see an excerpt by scanned image of the Robin and

6  Chris Sorensen July 23rd 2012 reply letter to the Plaintiff, Rogers;

7         Robin and Chris Sorensen have not changed the position I shared with you when we

8  spoke in March. As you know, they disagree with all of your statements, accusations and
personal attacks. There is no merit to your claim that 19 years ago you helped co-found

9  Firehouse Subs, that you were part of any unwritten or unspoken partnership, or that you
provided Robin and Chris with any novel and confidential ideas that were the genesis of the

10  Firehouse Subs restaurant system. The materials you e-mailed me to explain your position
included a 2004 article discussing legal theories others have advanced when making claims in

11  the nature of yours. However, the cases discussed in that article are not analogous to your
position and, regardless, the fact that you raise this issue now, for the first time since Firehouse

12  Subs' establishment 19 years ago, makes any attempted lawsuit ripe for dismissal as frivolous
and for the recovery of all defense fees and costs.

13  **110.** See EXHIBIT #3. "Copyright Recordation" May 10th, 2018, Vol. 9961

14  Docket#: 776 which is the July 23rd, 2012, Letter from Chris and Robin Sorensen;

15  **111.** Statutory Supplementary Copyright Registration TX 6-250-375

16  (Exhibit #2.) that coexists with Copyright Registration #: TX 7-472-367;

17  **112.** A Supplemental Copyright Record filing TX 6-250-375 (Exhibit #2.) was

18  invoked under 37 CFR 201.5 because of the facts and posture unearthed by the

19  Sorensen's reply letter sent on July 23rd, 2012, and therefore a public

20  augmentation of the Registration #: TX 7-472-367 (Exhibit #1.) was required;

21  **113.** Co-Founders; Chris and Robin Sorensen (thereafter "FRG") did breach

22  fiduciary duties regarding Plaintiff, Rogers and his key intellectual properties;

23  **114.** The Supplemental Copyright Record filing TX 6-250-375 (Exhibit #2.)

24  was pursued due to errors of fact in the Copyright Registration: TX 7-472-367;

25  Please see CLAIMS and EXHIBITS herein below.

26

**PAGE -31-**

XII.) PRESUMPTION OF COPYRIGHT VALIDITY:

**115.** This action complies with 17 U.S.C. § 411(a); see also Montgomery v. Noga, 168 F.3d. 1282, 1288 (11th Cir. 1999) (for works created after 1977, copyright automatically inheres in original works of authorship, but "[i]n order to bring an action for copyright infringement, . . .the author must register the copyright.") (citing M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 & n.4 (11th Cir. 1990)); see also Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1996).

**116.** In 1993 or thereafter the Sorensens did not Register for Copyright the original work created by Plaintiff called the "1993 Firehouse Subs Booklet";

**117.** Defendants <u>do not</u> own any Copyrights filed with the US. Register;

**118.** The Plaintiff did Register for Copyright his original work;

**119.** The US. Copyright Registration Number is: TX 7-472-367 Exhibit #1.;

**120.** Any "Co-authoring" regarding Chris & Robin Sorensen; Under 1106.3(E) Compendium of U.S. Copyright Office Practices, Third Edition; *"the applicant <u>must identify</u> all of the authors who created or co-created any of the elements, <u>even if a particular author did not contribute copyrightable **authorship to all of those elements**.</u>"*

**121.** Under 37 CFR 201.5 there was a Supplemental Copyright Record filing TX;

**122.** It is a well-settled matter; since the statements were made by Robin and Chris Sorensen, in their July 23rd 2012 reply letter to Plaintiff, Rogers that there is/was <u>no</u> "Partnership" and/or no creative authoring with Plaintiff.

**123.** The Sorensen's written statements by and through their Lawyer serve as prima facie evidence of this <u>non-ownership</u> fact.    There is no ownership dispute after the July 23rd 2012 reply letter (outlined above) from the Sorensen brothers to Plaintiff'.    Rogers is sole copyright-author and owner;

**PAGE -32-**

**124.** Chris and Robin Sorensen's, statements in their July 23rd 2012 letter, (available for full review) further evidences that there was <u>not</u> any intent to create a so-called "joint work" with the Plaintiff as lawfully founded in the intention that any separate contributions be merged into a single work;

**125.** Chris and Robin Sorensen in their July 23rd, 2012, Letter to Plaintiff, Rogers stated there was <u>"no unwritten or unspoken partnership"</u> with Plaintiff, Rogers (where Plaintiff strongly asserts there was indeed);

**126.** Accordingly, Plaintiff's original work is considered by the Sorensen's a "work-made-for-hire" as alleged by Chris Sorensen, personally, in 2010, and;

**127.** As a result, <u>"no unwritten or unspoken partnership"</u> in 1993 with Plaintiff, Rogers; would mean there was no exclusive license or assignment regarding Plaintiff, Rogers, original work created in 1993---and ownership;

**128.** Upon information and belief, Firehouse Restaurant Group ("FRG") and Firehouse of America, LLC. ("FOA") under the Co-Founders sole directives were the corporate entities created in 2004 that has been exclusively directing (inducing third parties) and exploiting the "FIREHOUSE SUBS" Brand Franchise Operations (See Franchise Disclosure Documents) and thus the <u>Brand Identity</u> in the State of Florida, Georgia, Interstate and beyond (which are accruing infringers or unauthorized users);

<u>XIII.) "COPYRIGHT", DESIGN ELEMENTS & "BRAND IDENTITY" OVERLAP:</u>

**129.** Two primary regimes for promoting creativity in the aesthetic or ornamental aspects of product design and/or brand design are: copyright law and design patent law.   Whereas;

**130.** Copyright protection extends the possibility for many features of Brand Identity, including labels, graphics, patterns, shapes, colors, textures, visual attributes and other elemental features that are not "useful.";

**131.** While copyright protection of an entire Brand Identity is unlikely, several constituent features of a Brand Identity might well be copyrightable;

**132.** Consequently, and as a matter of law there exists unauthorized use and accruing infringements of Plaintiff, Rogers intellectual property rights by the captioned Defendants regarding;

- Copyright Registration: TX 7-472-367 (Exhibit #1.);
- The co-existing Supplemental Copyright Record filing TX 6-250-375 (Exhibit #2.); and
- Copyright Office Recordation to the Director in Vol. 9961 Docket#: 776 brought about by legal denials in written statements by Chris and Robin Sorensen, personally, and as publicly recorded (See Exhibit #3.);

**133.** Plaintiff, Rogers is the exclusive copyright owner of the above listed Registrations (3) by the operation of law and as a matter of law;

**134.** Therefore, Plaintiff, has filed this Federal Infringement Claim herein pursuant to 17 USC § 504(b) regarding his Property Rights, secured by Registered Copyrights;

XIV.) DEFENDANTS ACCESS TO PLANTIFF'S ORIGINAL BRAND WORK:

**135.** The "1993 Firehouse Subs Business Booklet" was created after FIREHOUSE SUBS ideas and concepts were brainstormed by Plaintiff, Rogers and Chris and Robin Sorensen, personally, in 1993 and their DBA "Firehouse Subs";

**PAGE -34-**

**136.** In 1993 the Plaintiff went about (as mutually agreed) taking the ideas and concepts from his meeting of the minds with Chris and Robin Sorensen, and thereafter solely created the 8-page color "1993 Firehouse Subs Business Booklet";

**137.** The "1993 Firehouse Subs Booklet" authored by Plaintiff, Rogers was color printed (8 pages) and booklet bound in 1993 at the Plaintiff's own expense;

**138.** The Plaintiff, Rogers ("Grantor") then entrusted four (4) of the published "1993 Firehouse Subs Business Booklet"(s) to Co-founders, Chris and Robin Sorensen, ("Trustee's") for the conceivable, future derivative works and public display and for the forthcoming "FIREHOUSE SUBS" venture ("Corpus") in 1993;

**139.** Defendants thereafter have exploited Plaintiff, Rogers original FIREHOUSE SUBS design elements and common law trademarks without authorization;

**140.** Proper compensation (licensing royalties) has been refused to date.

XV.    RBI SETTLEMENT DISCUSSIONS IN 2021 & 2022 AND---
RESTAURANT BRANDS INTERNATIONAL (RBI) OVERVIEW:

**141.** In November 2021 the Co-Founders, FRG and FOA et. al and RBI were sent a Cease and Desist Letter by Plaintiff, during the FIREHOUSE SUBS Acquisition;

**142.** FRG / FOA  Brand FIREHOUSE SUBS was still sold in December 2021 by the Co-Founders) to Restaurant Brands International (RBI);

**143.** For the Record, in 2021 RBI reached out first by email to Plaintiff, Rogers (after Rogers Cease & Desist was sent to RBI Execs and Board Members in November 2021).  Thereafter RBI reached out by email to Plaintiff' and arranged Settlement negotiations by Conference Call on January 4th 2022 "*we want to get this behind us*" stated RBI, Chris Brigleb, Head of Franchise Development, but those settlement discussions were fruitless;

**PAGE -35-**

**144.** RBI and Robin and Chris Sorensen, Co-Founders, with FRG and FOA, et. al, were fully aware of Rogers long standing intellectual property rights and the fraudulent Trademark Portfolio (Securities [15]) so; RBI was likely indemnified by the Co-Founders, FRG, FOA, et al., before the 1 Billion Dollar Acquisition in December 2021; however, RBI (through SEC. acts or omissions) is offering FIREHOUSE SUBS® **Brand** with other brands of RBI on the Stock Exchange - "QSR" (NYSE).

**145.** Restaurant Brands International is one of the largest restaurant companies in the world, with nearly $39 billion in 2022 systemwide sales across a footprint that spans nearly 30,000 restaurants and more than 100 countries.    The firm generates revenue primarily from retail sales at its company-owned restaurants, royalty fees and lease income from franchised stores, and from its Tim Hortons supply chain operations. Formed in 2014 after 3G Capital's acquisition of Tim Hortons International, the Restaurant Brands portfolio now includes Burger King (19,000 units), Tim Hortons (5,600 units), Popeyes Louisiana Kitchen (4,100 units) and Firehouse Subs (1,250 units).    The majority of RBI is owned by 3G Capital.

**146.** Mr. Joshua Kobza, CEO has held increasingly senior roles with the company over the last 11 years, including Chief Financial Officer (2013-2018), Chief Technology Officer and Development Officer (2018-2019) and Chief Operating Officer (2019-2023), and international development.  Mr. Kobza was integral in the acquisition of Firehouse Subs in 2021.  Mr Kobza was formally sent Rogers 2021 "Cease and Desist" during the Acquisition.

**147.** A full disclosure with material facts about the Co-Founders Robin and Chris Sorensen / FRG fraud on the USPTO since 1995) were sent to RBI's Chris Brigleb.

---

[15] Securities Act of 1933 ---Section 17(a)(2) (Re: Enforcement)

XVI.)  SUBSTANTIAL SIMILARITIES:

**148.** Plaintiff asserts there is "substantial similarity"[16] and the literary expressions (imagery) and the design element expressions ("*total concept and feel*") that are embodied in the "1993 Firehouse Subs Booklet" are repeatedly infringed and so sufficiently important to be actionable;

**149.** The captioned Defendants unauthorized use of "derivative works" or "adaptations" for public display in their "FIREHOUSE SUBS" Franchise Store Unit(s) design elements infringe the literary expressions and design elements ("*total concept and feel*") embodied in Plaintiff, Rogers original work;

**150.** An "ordinary observer" reviewing Plaintiff, Rogers original work ("1993 Firehouse Subs Booklet") will find there is ample substantiation of infringement by the Defendants because expressions in "1993 Firehouse Subs Booklet" have been merely *"recast, transformed, or adapted"* into derivative works (unlicensed);

**151.** Wide departures or variations from the copyrighted works of Plaintiff, Rogers would still be an infringement as long as the authors "expression" rather than merely the authors ideas are taken.    Citation; H.R. Rep. No. 94-1476, 94thg Cong., 2d Sess. 61 (1976); S. Rep. No. 94-473 94th Cong., 1st Sess. 58 (1975) (Emphasis added);

**152.** Copyright infringement can occur even if exact lines are not literally copied. Also, nonliteral infringement can occur when the organization of scenes or chapters are identical even if the words are not identical.    One of the more famous, recent cases in this area is Salinger v. Colting, 607 F.3d 68 (2d Cir. 2010).

---

[16]   Citing:  NIMMER, supra note 12, § 13.03[A], at 13-28.  and  Atari, Inc. v. North Am. Philips Consumer Elec. Corp., 672 F.2d 607, 614 (7th Cir.), cert. denied, 459 U.S. 880 (1982).   Simplex Grinnell, LP v. Integrated Systems Power 642 F. Supp.2d 206 (S.D.N.Y. 2009)

**PAGE -37-**

153.  The Eleventh Circuit Court's general test for substantial similarity is the "lay observer" or "ordinary observer" test, and it applies to works that can be seen or heard.    Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1224 n.5 (11th Cir. 2008); and Original Appalachian Artworks, Inc. v. Toy Loft, 684 F.2d 821, 829 (11th Cir. 1982);



ABOVE: Cover of the 8 Page; 1993 Firehouse Subs Business Booklet authored and created by Plaintiff, Rogers in 1993 before the first Firehouse Subs " store opening in 1994



**ABOVE: Corporate design elements gleaned from Rogers authored and created 1993 work.**









Page #3. "Firehouse Subs" – "Food and Beverage" –
"1993 Firehouse Subs Booklet" created by Plaintiff, Rogers

## FOOD AND BEVERAGE

THE SUB SANDWICHES ARE TO BE OF A NEW YORK DELI STYLE SIMILAR TO LARRY'S SUBS, WHICH ARE VERY POPULAR. HIGH QUALITY MEATS AND INGREDIENTS ARE TO BE USED TO ENSURE THE VERY BEST SUB WE CAN OFFER. UNIQUE NAMES THAT REFLECT THE FIRE DEPARTMENT THEME WILL BE USED TO TITLE OUR SPECIALTY SUBS; FOR EXAMPLE, THE "FIREMAN'S TURKEY SUB," "DALMATIAN DOG," AND "THIRD ALARM CHILI." TOASTED SUB ROLLS AND A VARIETY OF DELI MEATS AND CHEESES TO CHOOSE FROM WILL ENABLE THE CUSTOMER THE KIND OF SUB SANDWICH THEY DESIRE. SPECIALTY SUBS WILL BE ON THE MENU FOR CUSTOMERS THAT WANT A QUICK AND CONVENIENT CHOICE OF A SUB SANDWICH. SUBS WILL BE SERVED WITH A DELI PICKLE OR GREEK SALAD PEPPER. MANY FIREMEN HAVE WRITTEN COOKBOOKS ACROSS THE U.S. IN WHICH THERE COULD BE A SECTION OF THE MENU OPEN FOR NEW RECIPES THAT WE COULD TRY. THERE WILL BE A VARIETY OF BEVERAGES SERVED INCLUDING THE BUCKET BRIGADE OF BEER, WHICH IS A RED BUCKET FILLED WITH ICE COLD BOTTLED BEER. DESSERTS LIKE BREYERS ICE CREAM AND HOMEMADE PIES WILL ALSO BE AVAILABLE.

<u>CLOSE-UP</u> Page #3. "Firehouse Subs" – "Food and Beverage" –
"1993 Firehouse Subs Booklet" created by Plaintiff, Rogers

First, original, FIREHOUSE SUBS MENU with Fire Department themes;



Page #4.  Firehouse Subs – Menu – "1993 Firehouse Subs Booklet"

Plaintiff, Rogers, created this 1993 FIREHOUSE SUBS Menu;

(Note:  the "Dalmatian Hot Dog" lifted from Rogers original work one forthcoming evidentiary exhibit and allegation regarding the Sorensen Brothers O/B/O FRG Brand Identity timelines)

XVII.)   DEFENDANT'S "ROYALTY" LICENSING PER SALES PROFITS:

**154.** Defendants in-store design elements (Franchise Store Décor aesthetics) and Graphic Marquee Logo are derivative works and such adaptations have an underlying "*total concept and feel*" of the protected expressions in the "1993 Firehouse Subs Booklet" created by Plaintiff, Rogers;

PAGE -40-

**155.** To the date of this writing Defendants whole, public exploitation of the in-store adaptations, "derivative works" have been derived from Plaintiff, Rogers and accompany the themed Franchise Brand Identity's earned success;

**156.** A substantial Franchise "sales income" comes from the licensing of the FIREHOUSE SUBS Brand Identity ("*total concept and feel*") publicly displayed design elements in Décor created by Plaintiff, Rogers.

**157.** In reality, the FIREHOUSE SUBS Franchise Brand; as it stands, is derived from the "*total concept and feel*" of the protected expressions in the Plaintiff, Rogers authored "1993 Firehouse Subs Booklet"—and the substantial "sales income" from the public exploitation of Plaintiff's whole work can be found in the Firehouse of America ("FOA") "Financial Statement" in their "FIREHOUSE SUBS" Franchise Disclosure Document (FDD);

**158.** In the "FIREHOUSE SUBS" Franchise Disclosure Document (FDD) the prospective Franchisees' commit to paying a 4% to 6% quarterly "Royalty" for use of the FIREHOUSE SUBS Brand Identity, the FIREHOUSE SUBS® Graphic Logo(s) and the store brand design elements "theme" ("*total concept and feel*");

**159.** No royalties have ever been paid to the Copyright Owner, Plaintiff, Rogers nor did Rogers have knowledge until 2012 that the protected rights of his were being used to produce Royalties, without his consent and compensation;

**160.** Defendant's level of copying Rogers work amounts to misappropriation.

**161.** Now, the conduct of the Franchisor, the herein Defendants', inducing third-parties during their brand operations have been /are causing, and unless immediately enjoined, will continue to cause, enormous and irreparable harm to the Plaintiff or John Q Public (e.g. any Prospective Franchisees');

**162.** There was/is a fiduciary duty owed to Plaintiff upon the 1993 agreement;

**PAGE -41-**

**163.** In large part; the Franchising of the FIREHOUSE SUBS Brand Identity offers Franchise Store Units; with design elements for public display, common law marks, and Graphic "FIREHOUSE SUBS" Marquee Logo(s), that make up the FIREHOUSE SUBS Franchise Brand; "*unique fire-fighting atmosphere*";

FRANCHISE DISCLOSURE DOCUMENT



**FIREHOUSE OF AMERICA, LLC**
a Florida limited liability company
12735 Gran Bay Parkway, Suite 150
Jacksonville, Florida 32258
(904) 886-8300
e-mail address: franchising@firehousesubs.com
www.firehousesubs.com
www.facebook.com/firehousesubs

FOUNDED BY FIREMEN

The franchise is for the establishment and operation of a restaurant which offers and serves large-portion hot submarine style sandwiches in a unique fire-fighting atmosphere and decorum at an economical price under the FIREHOUSE SUBS® trade name and business system (a "**FIREHOUSE SUBS® Restaurant**" or "**Restaurant**").

**164.** The July 23rd 2012 letter (excerpt on Pg. 20 above), sent from Chris and Robin Sorensen, underlined denied any type of co-creative involvement like the creation of the "1993 Firehouse Subs Booklet" even after copies were provided to the Sorensen's initially in 1993 and again in 2012 for review;

**165.** The July 23rd 2012 letter from the Chris and Robin Sorensen unequivocally denied any Co-founding "partnership" in 1993 between Rogers and Chris and Robin Sorensen, according to written statements of the Sorensen's.    But these statements concerning Rogers are false;

**166.** The July 23rd 2012 Letter further denied that Plaintiff, Rogers contributed a substantial amount of intellectual property concerning the "genesis" of the "FIREHOUSE SUBS" business venture;

**167.** Any and all co-creative work with Plaintiff has been utterly denied;

PAGE -42-

**168.** Plaintiff, Rogers original 1993 work expressed and scripted performance of the FIREHOUSE SUBS <u>Franchise</u> Brand; "*unique fire-fighting atmosphere";*



Page #7. Firehouse Subs – "FRANCHISE" – "1993 Firehouse Subs Booklet"



Page #8. CLOSE-UP: Firehouse Subs – "FRANCHISE" – "1993 Firehouse Subs Booklet"

## XVIII.)  PLAINTIFF, ROGERS CREATED INTELLECTUAL PROPERTY HAVING ABSOLUTELY NO CORPORATE ORIGIN:

**169.**  Plaintiff, Rogers 1993 intellectual property creations (e.g. embodied in the "1993 Firehouse Subs Business Booklet") for the "venture" and contributed to his Co-Founders, the Sorensen's, and those intellectual properties were made long before for any other individual got involved (like; Peachie Speevack after Rogers assured (sold) her about Robin's leadership and the venture during a hair- cut at her home.   Mrs. Speevack did graciously loan her "Credit card" line-of-credit for starting the business and first "FIREHOUSE SUBS" Franchise Store Unit in 1994;

**170.**  Since the inception of "FIREHOUSE SUBS", brothers; Chris Sorensen and Robin Sorensen, personally, were significantly influenced by the original literary imagery and design elements expressed in "1993 Firehouse Subs Booklet" solely created by Plaintiff, Rogers in 1993;

**171.**  From the very outset, Chris and Robin Sorensen, borrowed from Plaintiff, Rogers original work and then prepared adaptations for public display and made "derivative works" before Corporation(s) were created by the Co-Founders;

**172.**  Due to the actions of Chris and Robin Sorensen, personally, since 1993, any ensuing Corporate organization(s); thereafter, have adopted a legal inability (and legal liability) to honestly represent that they own all intellectual property rights to the Franchise Brand sold to Franchisee's; and

**173.**  Firehouse of America ("FOA") and the captioned Defendants' and such subsequent Corporations are lacking any authorization, and have induced others to be infringers of Copyright and Trademark Owner, Plaintiff, Rogers;

**174.**  There are five (5) required parties to this infringement case and trademark fraud and all captioned parties are under Jacksonville, State of Florida Jurisdiction;

## XIX.)  PUBLIC RECORDS

**175.**  Plaintiff hereby incorporates by reference evidentiary public records, pertinent to this case, under FRCP Rule 10(c) and re-alleges such pertinent public records, as if fully set forth here, for example; SEE EXHIBIT #3. "Copyright Recordation" May 10th 2018 Vol. 9961 Docket#: 776 ----and/or pertinent Federal District Court Records[17] evidencing fraud on the USPTO and Contempt of a July 2021 Federal Court ORDER in that fraud case;

## XX.)  A CASE-IN-CHIEF IS PARAMOUNT:

**176.**  Plaintiff asserts that a case-in-chief in this Copyright matter is required because of the legal precedence that states; "Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.' Decisions must therefore inevitably be ad hoc." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960);

## XXI.)  DEFENDANTS AND STATE DEVELOPERS' JOINT COMPLICITY:

**177.**  Upon information and belief, Defendants are, and at all times material hereto have been, acting in concert with the knowledge and consent of each other, and each and all of the Defendants jointly and severally participated in the infringing activities set forth herein, and each Defendant was acting within the course and scope of employment, partnership, and/or agency with the other, and each of the Defendants is jointly and severally liable for the injuries to Plaintiff, Rogers alleged herein.

---

[17] Firehouse Restaurant Group Inc et al v. Scurfield et al **4:09-cv-00618-RBH**

**PAGE -45-**

## CAUSES OF ACTION

### CLAIM ONE
### Copyright Infringement:

**178.** Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

**179.** Count One is an action under 17 U.S.C. § 501 for direct, indirect and/or vicarious infringement of registered copyright(s) as against the Defendants named in this Complaint;

**180.** Plaintiff, Rogers is the owner of valid copyright registration TXu001610441 that co-exists with the Supplemental Copyright issued;

**181.** Plaintiff, has complied in all respects with the provisions of the Copyright;

**182.** Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.    •

**183.** The infringing version of the Plaintiff, Rogers original work derived, used and distributed by Defendants is at least substantially similar to the Plaintiff, Rogers original work protected by TXu001610441.

**184.** The Co-Founders (Sorensen's) and the Defendants, through their agent(s), vendor(s), officer(s), and/or employee(s), modified Defendants' Plaintiff, Rogers original creative work to cause the copying, use and distribution of infringing unit reproductions within the Brand Franchise which are merely adaptations and derivative works exploited in public display as derived from Plaintiff, Rogers original work, the 1993 Firehouse Subs Booklet.

**PAGE -46-**

## CLAIM NUMBER TWO

### Right of Attribution Equitable Relief

<u>for Falsification of "FIREHOUSE SUBS" Co-Founders History</u>:

**185.** Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

**186.** Under 17 U.S. Code § 106A a right to "Attribution" in copyright law, is acknowledgment as credit to the copyright holder or author of a work.

**187.** Attribution is often considered as the most basic requirements in the usage of the works of others.

**188.** In 1993 Plaintiff exclusively created, influenced and did create the "1993 Firehouse Subs Booklet" for the mutual interests of the Plaintiff and Co-Founders (Sorensen's) in the inception of the Firehouse Subs Business venture and the protected elements which are in the "1993 Firehouse Subs Booklet" are instantly recognizable to any person remotely familiar with the "FIREHOUSE SUBS" Brand Franchise Stores (the *total concept and feel*").

**189.** The "FIREHOUSE SUBS" website "Our Story" writings, and multitude of public press publishing's and media reports incorrectly do not list the Plaintiff, "Billy Rogers" as an original influence or key intellectual property contributor to the "Founding" of "FIREHOUSE SUBS" in the inception of the business venture.

**190.** Defendants for the last twenty-five years have knowingly been exploiting "FIREHOUSE SUBS" Brand Franchise Stores without crediting the Plaintiff ("Billy Rogers") as an original, founding design influence and a "Co-founder" of all the "FIREHOUSE SUBS" Franchise Stores "*total concept and feel*" (the "FIREHOUSE SUBS"--- Brand Identity);

**191.** Plaintiff is entitled to equitable relief to ensure that "Billy Rogers" be added as an original influence (author and Décor designer) and the third Co-founding member of the "FIREHOUSE SUBS" business venture because the four factor test governing when equitable relief should be granted, as explained in eBay Inc. v. Merc Exchange, 547 U.S. 388, 391 (2006), is satisfied:

a)    Plaintiff, suffered irreparable injury and has no recourse through the law because the right of attribution is not statutorily recognized.

b)    Monetary damages alone are inadequate to compensate for the damage done to Plaintiff's reputation as an original founding member of "FIREHOUSE SUBS" or as an original author and designer.

c)    Moreover, acknowledgment in and of itself is intrinsically valuable to human beings and Plaintiff expected to be fairly credited (paid and/or publicly recognized) for the huge amount of success attributable;

d)    Crediting Plaintiff ("Billy Rogers") would impose no hardships on any of the Defendants.  The public interest would be served by such an accurate acknowledgment as it would be made aware that Plaintiff was in fact a key Co-founding member, author and creator of the "FIREHOUSE SUBS" Franchise ("*total concept and feel*") by his exclusive creative contributions through the creation of the "1993 Firehouse Subs Booklet" ("*total concept and feel*") in the "genesis" of the business venture "Firehouse Subs";

**192.** Defendants continue to represent to the public at large and media / press that Plaintiff, Rogers had no role in creating the "FIREHOUSE SUBS" Brand Franchise Business (FIREHOUSE SUBS Brand Identity);

**PAGE -48-**

**193.** Defendants continue to represent to media and press that Co-Founders, Chris and Robin Sorensen were the sole Co-Founders (and only creative minds) behind the inception and the founding of the "FIREHOUSE SUBS" Franchise Business.

**194.** Equitable relief should include a Court ORDER that the Defendants and any company business history and any FIREHOUSE SUBS® media publishing's or other public press reports including their Franchise Disclosure Documentation (FDD) are made to include William Harris Rogers, Jr. (aka "Billy Rogers") as a FIREHOUSE SUBS "Co-founder" since the Plaintiff was/is an actual and indispensable creative influence of the first FIREHOUSE SUBS Logo, Brand Identity, Franchise Store Design elements and "Founder" behind (at inception) the "FIREHOUSE SUBS" Brand Franchise Business ("*total concept and feel*").

**195.** Equitable relief should be considered and include damages and/or sanctions toward the Co-Founders (Sorensen's) to be determined by disgorgement after evaluating the Franchise Royalties per Franchisees in in the accounting figures of FRG and holding the Co-Founders, Robin and Chris Sorensen fully responsible for the years of the FIREHOUSE SUBS Brand Identity exploitation, fraud and unjust enrichment.



**196.** Since the 1994 opening of the FIREHOUSE SUBS Franchise Brand the "Our Story" disseminated by two of the Co-Founders has been twisted in the telling only to be illuminated by the truth in facts of this Complaint (or other Public & Legal Notices). **197.** Plaintiff's 1993 FIREHOUSE SUBS Graphic Logo (PG13. herein) is inseparable from derivatives of the FRG FIREHOUSE SUBS Logo with mark.

## CLAIM NUMBER 3

### Unjust Enrichment; Regarding

### Copyright Royalty Payments Currently Due the Plaintiff':

**198.** Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here;

**199.** Plaintiff strongly contends that recent FIREHOUSE SUBS Franchise Store openings distinctly utilize (license) and sell; the *"unique fire-fighting atmosphere"* (*"total concept and feel"*), the Brand Identity, which remains to be (internalized or consciously) the literary expressions and design elements (shapes, forms, textures, patterns, color schemes and attributes) that are expressed in the "1993 Firehouse Subs Booklet" (*"total concept and feel"*);

**200.** As a matter of fact the "FIREHOUSE SUBS" Defendants license to Franchisee's and thereafter collect from each of the Franchisee's Gross Income 4% to 6% quarterly "Royalty" for use of the FIREHOUSE SUBS Graphic Marquee Logo and FIREHOUSE SUBS® Franchise Brand in-store design elements (*"total concept and feel"*), which substantially make-up the *"unique fire-fighting atmosphere and decorum* of the FIREHOUSE SUBS Brand

**201.** Otherwise stated, the Defendants in their 2017 FIREHOUSE SUBS® Franchise Store openings still borrow (without authorization) the literary expressions and design elements (shapes, forms, textures, patterns, color schemes and attributes) that are embodied and expressed in the "1993 Firehouse Subs Booklet" for the FIREHOUSE SUBS Brand Identity (*"total concept and feel"*) without Royalty compensation to Plaintiff, Rogers;

**PAGE -50-**

**202.** Accordingly, the FRG / FOA Franchise Area Representatives across the assorted US. States and abroad continue to unjustly enrich[18] themselves and the Corporations involved in this infringement matter by their unauthorized use and perpetual exploitation without extending any Royalty payments to Plaintiff, Rogers;

**203.** Under precedence Copyright case law[19]; Mahavisno v. Compendia Bioscience, Inc., 2014 WL 340369 (E.D. Mich. January 30, 2014), unauthorized use of a work, and a court applying an implied-in-law contract would simply be stepping in to remedy an injustice of that / an infringement;

**204.** As cited above and explained herein the Plaintiff asserts that an implied-in-fact contract claim of unjust enrichment passes the no-preemption test;

**205.** Plaintiff alleges that, to the extent the Defendants have subsequently licensed and collected royalties for their derivative works or by creating adaptations of the original work, without authority, and they have been unjustly enriched to the Plaintiff's detriment

**206.** Defendants are bound by a fiduciary duty and to a duty to account to the Plaintiff for the profits obtained from the exploitation of the original literary imagery and design element work expressed in the "1993 Firehouse Subs Booklet" which the Plaintiff solely created/authored in 1993 <u>at his own expense</u>;

**207.** Plaintiffs case involves copyright infringement claims regarding the captioned Defendants' that accrue each time the infringer commits a new act of infringement (Emphasis added);

---

[18]   Gaylord v. United States, 595 F.3d 1364 (Fed. Cir. 2010).
[19]   Mahavisno v. Compendia Bioscience, Inc., 2014 WL 340369 (E.D.Mich. January 30, 2014)

# CLAIM NUMBER 4.

**15 U.S. Code § 1120** Civil Liability for False or Fraudulent Registration:

**208.** Plaintiff hereby incorporates by reference the preceding and forgoing paragraphs below in pleading fraud on the USPTO and repeats and realleges each of the allegations as if fully set forth here.

**209.** Title 15, Section 1120 of the United States Code deals with civil liability for false or fraudulent registration.   This law pertains to false or fraudulent statements made in connection with the registration of trademarks or service marks with the United States Patent and Trademark Office (USPTO).

**210.** Under this provision, any person who knowingly makes false or fraudulent statements or representations in a trademark or service mark application with the intent to deceive the USPTO can be held liable for civil damages.    The law is intended to discourage individuals or entities from engaging in deceptive practices when registering trademarks or service marks. The specific language of 15 U.S. Code § 1120 states:

**211.** "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

**212.** In simpler terms, if someone knowingly provides false or fraudulent information during the trademark or service mark registration process and another person suffers harm as a result, the injured party can file a civil lawsuit to seek damages from the person who made the false statements.

## XXII.  FRAUD ON THE USPTO – "RECKLESS DISREGARD"

### B.) Applicable law, facts and claims;

**213.**  Plaintiff hereby incorporates by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

**214.**  A party alleging fraud in the procurement or maintenance of a registration bears the heavy burden of proving fraud with clear and convincing evidence.  *In re Bose*, 91 USPQ2d at 1243 (quoting *Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (TTAB 1981)).   For example, the Board will not find fraud if the evidence shows that a false statement was made with a reasonable and honest belief that it was true, rather than an intent to mislead the USPTO into issuing a registration to which the applicant was not otherwise entitled. *See id.*; *see also Woodstock's Enters. Inc. (Cal.) v. Woodstock's Enters. Inc. (Or.)*, 43 USPQ2d 1440, 1443 (TTAB 1997), *aff'd,* 152 F.3d 942 (Fed. Cir. 1998).

**215.**  Title 15, Section 1120 of the United States Code serves as a legal mechanism to hold accountable those who knowingly provide false or fraudulent information during the registration process for trademarks or service marks.

**216.**  The Court of Appeals for the Federal Circuit has held that intent to deceive is an indispensable element of the analysis in a fraud case.  See In re Bose, 91 USPQ2d at 1941.     The standard for finding intent to deceive is stricter than the standard for negligence or gross negligence, and evidence of deceptive intent must be clear and convincing. Id.

**217.** However, the Federal Circuit left open the question whether <u>reckless disregard of the truth</u> or <u>falsity of a material statement</u> made in a filing with the USPTO satisfies the intent to deceive requirement.  In re Bose, 91 USPQ2d at 1941 n.2.    Plaintiff, Rogers will prove that FRG through Robin Sorensen, Co-Founder and former FRG President repeatedly committed fraud on the USPTO (by subterfuge) since 1995 in all the FRG USPTO filings;

**218.** Plaintiff, finds the facts of this case against captioned Defendants' (repeated filings since 1995 by Robin Sorensen Declarant' and Co-Founder) at a minimum demonstrated reckless disregard, and hold as a matter of law that reckless disregard satisfies the requisite intent for fraud on the USPTO in trademark matters.    In Bose, the declarant included a false statement regarding use of a mark in commerce in the maintenance filing. However, the Federal Circuit concluded that there was no intent to deceive, because the declarant did not have guidance from prior rulings by the USPTO or any court as to whether the circumstances relied on as indicating use in commerce were sufficient. Id.

**219.** Here, as discussed infra, both the USPTO, through the Board, and the Court of Customs and Patent Appeals have addressed the importance of avoiding false statements in a Registration [20] in the Maintenance filings (Sec 8 and Sec 9 [21])  and Section 15 affidavit(s) [22].

---

[20] 37 CFR 11.18(b)(1)
[21] Section 9 of the Trademark Act, 15 U.S.C. 1059, provides trademark owners with the opportunity to renew their trademark registrations before they expire at the end of the 10-year period from the date of registration.
[22] 37 CFR § 2.167 - Affidavit or declaration under Section 15.

**220.** The case law is clear that false statements are material to the benefits accorded a Registration or under Section 8 & 9 and/or under Section 15 because the public and the courts rely on registration information[23], including information related to Section 15 and that such false statements in the Registration and Section 15 filing and supporting declaration cannot be characterized as the result of careless reading or misunderstanding of the words.   Plaintiff likewise offers and cites legal authority; Chutter Case Law (Precedent of the TTAB).[24]

Key Takeaways:

"Reckless disregard" satisfies the requisite intent for fraud on the USPTO in trademark matters and is the legal equivalent of finding that a party had specific intent to deceive the USPTO.

- Inclusion of false statements in a Section 15 affidavit/declaration is material and, if made with the relevant degree of intent, which now includes reckless disregard, constitutes fraud warranting cancellation of the involved registration of Section 14(3) of the Trademark Act.

- Documents submitted to the USPTO must be investigated and read thoroughly before filing, since a declarant, including an applicant's or registrant's counsel, can be found to have acted with reckless disregard by failing to read, understand and ascertain the importance of these documents.

- If an applicant or registrant believes, at any point, that a filing contains false information, they should immediately take steps necessary to correct the information.

---

[23] Torres v. Cantine Torresella S.r.l., 1 U.S.P.Q.2d 1483, 1484 (Fed. Cir. 1986)
[24] Chutter, Inc. v. Great Management Group, LLC and Chutter, Inc. v. Great Concepts, LLC, 21 USPQ2d 1001 (TTAB 2021).

**PAGE -55-**

**221.** The basis for Plaintiff, Rogers fraud claim(s) under *Chutter* is that FRG' first IP Counsel Rick Reznicsek in June 1995 [25] (and also Richard Vermut, Esq., in 1997) from the same Rogers & Towers Law Firm; both <u>with Power of Attorney (POA)</u>, strangely avoided <u>filing (signing/executing) papers to the USPTO.</u> However, instead both IP Attorneys (with POA) helped, directed and/or permitted; Robin O. Sorensen, o/b/o FRG in preparation of filing papers and in <u>executing</u> (under sworn "Declarations") all the "FIREHOUSE" Registration(s) and as captioned herein U.S. Registration No. 1903135 and No. 1983934 and No. 2606263 and No.. 3246353 Et. Al.; alongside, all the Section 8 & 9 Maintenance and Combined Declaration of Use and Incontestability for the marks[26] like FIREHOUSE SUBS EST 1994 and FIREHOUSE ("SUBS" Disclaimed) in the Class 43 "restaurant services".    Plaintiff asserts these FRG Registration filings (by subterfuge) using laity and the unskilled the likes of; Co-Founder Robin Sorensen was because the IP Attorneys did not want to sign-off on the Applications because the Registrations would be misrepresentations and omissions since the IP Attorney's (and Sorensen brothers) did "know" there were/was Senior Rights holders.

**222.** There is a pattern of facts available [27] from Federal District Court Records and in the OIG Investigation evidencing FRG bad faith filings to the USPTO for all "FIREHOUSE" ("SUBS" Disclaimed) Trademark Registrations since 1995.

---

[25]  Oddly, after a required search for "FIREHOUSE", the first FRG IP Attorney; Rick M. Reznicsek, Esq., went on to file on June 05 1995 Serial Number: 74684467 Class 42 knowing that a Predated "FIREHOUSE" word mark existed (a sec 2d was eventually issued) and his Client FRG / Robin Sorensen Co-Founder knowing that a Predated "FIREHOUSE" word mark existed filed for Serial Number 74684468 Class 42.  <u>See offer of proof and the fraud facts in Dept of Commerce / OIG Report: 19-0529.</u>

[26] "The USPTO does not 'accept' § 15 affidavits or declarations. Arman's Sys., Inc. v. Armand's Subway, Inc., 215 USPQ 1048, 1050 n.2. (TTAB 1982). Rather, the USPTO reviews the affidavit or declaration to determine whether its contents are consistent with the requirements of the statute and rules (e.g., whether it is signed, whether it was filed at an appropriate time, and whether the §15 claims are properly set forth), and then acknowledges a complete and sworn-to filing. See 37 C.F.R. § 2.167.

[27] . Offers of proof that are Federal Court Records (Depositions, Interrogatories, Orders, Material Evidence) with Full Faith & Credit.  <u>See offer of proof and the fraud facts in Dept of Commerce / OIG Report: 19-0529.</u>

**223.** Nevertheless, the declarations Co-Founder, Robin O. Sorensen O/B/O FRG caused to be prepared and filed states falsely there were no predated "FIREHOUSE" marks in commerce and/or <u>confusingly similar</u> or a "near resemblance" [28].    Plaintiff', asserts; Robin Sorensen signer of the very first declarations (3) for FRG, made false statements in the/those Declarations with the intent that the USPTO would rely on it and to induce the USPTO to accept the Declarations.    The recent Department of Commerce (OIG Investigative Report 19-0529) while investigating TTAB Judge, Jonathan Hudis (1 of FRG's <u>4 IP Attorneys</u>) unearthed facts that should be disturbing to the USPTO / OED from reviewing USPTO Records alongside Federal Court Records that fraud on the USPTO has occurred since 1995.

**224.** Plaintiff, Rogers has offers of false statement evidence that will show that FRG Declarant, Robin Sorensen for FRG; under USC 18 §1001 [29] and 37 C.F.R. § 11.18(b)(2)(i); went about repeatedly signing-off on fraudulent Federal Registrations (77+) "recklessly" for 28 years by executing sworn Declarations in Applications, in Section 8's and Section 15's and Section 9's [30]---when he knew of Senior Users that predated FIREHOUSE SUBS in 1995;

---

[28] "FIREHOUSE" Serial Number 74424044 by Firehouse Wing Co. Inc. (Filing date 08 / 13 / 1993) for the word mark "FIREHOUSE" was being used in the same Class 42 and later in 1999 FRG would file for Cancellation (92028849) based on that mark being "confusingly similar".

[29] 18 U.S. Code § 1001 - Statements or entries generally

[30] Torres v. Cantine Torresella S.r.l., 1 U.S.P.Q.2d 1483, 1484 (Fed. Cir. 1986).    Lone Star Steakhouse & Saloon, Inc. v. Alpha of VA, Inc., 43 F.3d 922, 931, n.12 (4th Cir. 1995), which said that "the Lanham Act provides that trademarks procured by fraud are unenforceable."

**225.** Thus, it is well-settled that the inclusion of false statements in a Registration, Sections 8's and 9's and Section 15 affidavit/declaration is material, and if made with the relevant degree of intent constitutes fraud warranting cancellation of the involved registration(s) captioned herein under Section 14(3) of the Trademark Act, 15 U.S.C. § 1064(3) [31].

C.  FRG Trademarks Applications since 1995 filed under 15 U.S.C. § 1064;

**226.**    Plaintiff, Rogers will prove that: Co-Founder, Robin Sorensen, by false or fraudulent statements, in planned subterfuge, and in violation of 15 U.S.C. § 1064 did file Section 15 affidavit/declaration(s) (dozens since 1995) when in fact Plaintiff, Rogers held common law rights to "FIREHOUSE SUBS" under Florida State Law that cannot be impaired. [32]

**227.** FRG  from 1995 by Declarant', Robin Sorensen, Application filings have encumbered Plaintiff' Rogers rights ---*"valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter"*.

---

[31]  See Crown Wallcovering Corp. v. Wall Paper Mfrs. Ltd., 188 USPQ 141, 144 (TTAB 1975); see also Consorzio del Prosciutto di Parma v. Parma Sausage Prods. Inc., 23 USPQ2d 1894, 1898-99 n.6 (TTAB 1992); Smith Int'l, Inc. v. Olin Corp., 209 USPQ at 1048 (TTAB 1981) ("[F]raudulent misconduct can be attributed to Smith by accepting the benefits of Section 15, knowing that it was not entitled to them ... and not taking any action to correct the Office records until the counterclaim was filed.").

[32] Florida Statute 495.161   Common-law rights.

**228.** Plaintiff can and will offer evidentiary materials from credible Government authorities: The Department of Commerce / Office of Inspector General Investigative Report: 190529 findings that confirm there was intent to deceive the USPTO since 1995 by "knowing there was a preexisting trademark for FIREHOUSE" when filing Serial Number: 74684468; that became US Registration No. 1983934 (Class 42).    Additionally, there is a Federal Court "Indicative ORDER" mandating FRG to "end litigation" "forevermore" and not to "renew" the word mark "FIREHOUSE".

**229.** It has been well- established since 2012 and is publicly available (by a review of half dozen Federal Court Records and as stated in a Department of Commerce / Office of Inspector General Investigative Report: 19-0529 that FRG in 1995 (redacted Co-Founder; Robin Sorensen O/B/O) filed "knowing" there were other "FIREHOUSE" marks being used in commerce that were confusingly similar or a "near resemblance" in advance of his "first successful" Application FIREHOUSE SUBS EST 1994 – (U.S. Registration No. 1903135)  BUT  FRG deceptively proceeded and filed to the USPTO under 37 CFR 11.18(b)(1) in Reckless Disregard of the Truth when filing; FIREHOUSE SUBS EST 1994.

**230.** On top of that Plaintiff, Rogers first-use in 1993 of the marks in Florida and his senior common law rights insured his ownership right in the mark(s) "FIREHOUSE SUBS", "HOTTEST SUBS IN TOWN", "FULLY INVOLVED", "AT THE HYDRANT", the "DALMATION HOT DOG", among others.

**231.** Plaintiff, Rogers had/has senior common law rights to use FIREHOUSE SUBS marks and FIREHOUSE SUBS Graphic Logo but has been recently barred by a recent Section 2d (**SEE "EXHIBIT 5."**) from his lawful Federal Registration(s) and therefore has been and is being damaged;

**PAGE -59-**

XXIII.   PLAINTIFF'S OFFERS OF PROOF OF ADJUDICATIVE FACTS IN 5 EVIDENTARY EXHIBITS BELOW AND REQUEST FOR JUDICIAL NOTICE;

Plaintiff hereby incorporates by reference the preceding and forgoing paragraphs below in pleading fraud on the USPTO and repeats and realleges each of the allegations as if fully set forth here.

Authority:  Federal Rules of Evidence Rule 201.   Federal Rule of Evidence Rule 201(b) and...(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned---.

The herein fraud claims, "with particularity" comprise 5 credible, Evidentiary Exhibits---all Federal Records (Federal Public Records with Constitutional "Full Faith and Credit" and/or Federal FOIA Records from Federal Agencies) that are "the who, what, when, where, and how of the misconduct," herein this Complaint;

**"WHO" EXHIBIT A. -** RE: FRG Declarant, Robin Sorensen, O/B/O FRG, repeatedly. Record/Proof: *409-cv-00618-RBH Date Filed 09/15/11 Entry Number 236-6 Page 15 of 21* AND *4:09-cv-00618-RBH Date Filed 09/15/2011 Entry Number 236-6;* AND, *Department of Commerce / OIG Investigative Report 19-0529.*

**"WHAT" EXHIBIT B. -** RE: Fraud in all FRG Trademark Registration(s) (the Portfolio) Record/Proof: *4:09-cv-00618-RBH Date Filed 09/15/2011 Entry Number 236-6;* AND *Department of Commerce / OIG Investigative Report 19-0529.*

**"WHERE" EXHIBIT C. -** RE: Fraud on the USPTO, Plaintiff', Franchisees, Banks, SEC. Record/Proof: *4:09-cv-00618-RBH Date Filed 09/15/2011 Entry Number 236 Page 12 of 17* ; AND, *Department of Commerce / OIG Investigative Report 19-0529.*

**"WHEN" EXHIBIT <u>D.</u>** – RE: FRG Fraud in "the first successful" Trademark Registration(s) in 1995 and thereafter all maintenance Sec 8 & 9 Sec 15. since 1995. <u>Record/Proof</u>: *Department of Commerce / OIG Investigative Report: 19-052*; AND, *4:09-cv-00618-RBH Date Filed 09/15/2011 Entry Number 236 Page 12 of 17;* AND, others

**& "HOW" EXHIBIT <u>E.</u>** – <u>RE</u>:  FRG / Registrant subterfuge and filing frauds repeatedly by filing misrepresentations and/or omissions under sworn Declaration USC 18 §1001 since 1995 in Registration Declarations, Sec 8 & 9 and Sec 15.    <u>Record/Proof</u>: *Department of Commerce / OIG Investigative Report: 19-0529*; AND*, 409-cv-00618-RBH Date Filed 09/15/11 Entry Number 236 Page 12 of 17;* AND, other Federal Records.

   Evidentiary documentation as an offer of proof is also available for Judicial Review on: https://pacer.uscourts.gov/ or as offered as Evidentiary EXHIBITS.

D. FURTHER SPECIFIC GROUNDS FOR CANCELLING FRG TRADEMARKS:

Fraud was repeatedly committed in registering all the FRG mark(s);

   Plaintiff hereby incorporates by reference the preceding and forgoing paragraphs below in pleading fraud on the USPTO and repeats and realleges each of the allegations as if fully set forth here.

Cancellation—not the Rightful Owner

**232.** Register's / FRG; Robin Sorensen's original registration in 1995 should be canceled because Firehouse Subs <u>original</u> "Registrant" Robin Sorensen and Declarant is not (and was not, at the time of the filing of its applications for registration) the rightful owner on the USPTO REGISTAR of the registered mark "FIREHOUSE" or "FIREHOUSE"---("SUBS) disclaimed);

**233.** Register, FRG / Robin Sorensen in 1995 was not the owner of the specimen in Trademark/Service Mark Application No. <u>1903135 on the Principal Register, as U.S. Registration No(s). 1903135 ("Application No. 1903135") until the **2001** alleged Assignment (**Reel/Frame: 2324/0359)**.</u>

**234.** Plaintiff, Rogers had/has senior common law rights (in Florida) to use FIREHOUSE SUBS marks and FIREHOUSE SUBS Graphic Logo but has been recently barred by a recent Section 2d (SEE EXHIBIT"_") from his lawful Federal Registration(s) and therefore has been and is being damaged;

Cancellation Fraud in the Application & Prosecution of all FRG Marks:

**235.** Registers' / FRG's Applications should be canceled because the Register for FRG committed fraud in the procurement of its U.S. Registrations; "Application No. 74684468"; "No. 75423222" & "No. 78725837" during the all prosecution phases of its applications (the Trademark Portfolio) for registration and maintenance since 1995.

**236.** Register's / FRG's Trademark/Service Mark "FIREHOUSE" SUBS on the Principal Register; U.S. Registration No. 1983934 and U.S. Registration No. 2606263 and U.S. Registration No. 3246353 contain statements in the Trademark Applications that are willful, false statements, punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001;

**237.** Register's / FRG's Application No. 74684468 and No. 75423222 and No. 78725837 "FIREHOUSE SUBS" contains the statement upon submitting the mark's specimen that "The signatory believes that the applicant is the owner of the mark sought to be registered.";

**238.** Register's Application No. 74684468 and Application No. 75423222 and Application No. 78725837 contains the statement upon submitting the mark's specimen that "The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."

**239.** Registrant Cofounder, Robin Sorensen O/B/O FRG knowingly and intentionally made the false statements that Registrant's Marks were in use in commerce in connection with all of the goods and services identified in the Registrations at the time all the Applications and Renewals were filed;

**240.** Accordingly, inclusion of false statements in the original Applications and Section 15 affidavit/declaration and Section 8 & 9's are material and, if made with the relevant degree of intent, which now includes reckless disregard, constitutes fraud, warranting cancellation of the involved registration pursuant to Section 14 (3) of the Trademark Act;

**241.** The foregoing statements and representations of the Register / FRG alongside Robin Sorensen (Declaration, Signatory) were made with the intent to induce authorized agents of the USPTO to grant said registration including the examining attorney, and reasonably relying upon the truth of said false statements, the USPTO did, in fact grant said registration.

**242.** Petitioner can provide a "smoking gun(s)" Evidentiary Exhibit [33].

---

[33] Plaintiffs recent FOIA Request---Department of Commerce / OIG Investigation Report Case#19-0529; that evidences fraudulent filings and "Reckless Disregard for the Truth" and Federal Court Records

Cancellation – Intent to Deceive (regarding all FRG Marks since 1995);

**243.** Plaintiff asserts since 1993 there was a "FIREHOUSE" "Wings" N.Y.C. Company "U.S. Registration No(s). 1903135 with Senior / predated Trademark Rights as evidenced by the ownership on the Principal Register in the same goods/services class and Petitioner has evidence to those facts;

**244.** A Department of Commerce / Office of Inspector General Investigative Report: 19-0529 with Federal Court Records (with "Full Faith and Credit") from the Federal District Court of Florence, SC contain supporting documentation (credible evidence under FRE 201.) of Fraud on the USPTO---therein the Judge literally states FRG's "Intent to Deceive".

**245.** Plaintiff asserts he has material evidence as offers of proof that shows repeated intent to deceive by subterfuge by Co-founder, Robin Sorensen, O/B/O FRG, "knowing" of the existence of a the Senior "FIREHOUSE" User since 1993 ("U.S. Registration No(s). 1903135 filed for on 08/13/93) and despite "knowing" of the Senior Registration subsequently filed in a reckless manner (in willful blindness) "the first successful" Registration July 4th in 1995 (Serial Number:74684468 FIREHOUSE SUBS EST 1994) under the tutelage of IP Attorney, Rick Reznicsek, Esq. Rogers & Towers;

**246.** With emphasis, "[A] person can commit fraud upon the Office by willfully failing to correct his or her own misrepresentation, even if originally innocent, as long as that person subsequently learns of the misrepresentation and knows that the Office has relied upon that misrepresentation in conferring a substantive benefit upon that person to which the person knows it is not entitled."). Citing: Cf. Space Base Inc. v. Stadis Corp., 17 USPQ2d 1216, 1219 (TTAB 1990).   The Federal Court claims in 2012 and Rogers claims in 2011 were Actual Notice to FRG / the Sorensens.

**CLAIM NUMBER 5**

Injunctive Relief under FRCP. Rule 65 for FRG ("FIREHOUSE" SUBS) Contempt of a July 2012 Federal Court "Indicative ORDER" by the Federal Chief Judge and as further mandated in the USPTO Solicitors Letter (EXHIBIT" ___")

**247.** Plaintiff hereby incorporates by reference the preceding and forgoing paragraphs below in pleading fraud on the USPTO and repeats and realleges each of the allegations as if fully set forth here.

**248.** Since 2012; to date, the Defendants (the FRG IP Lawyers) continue to file Firehouse Restaurant Group ("FRG") Trademark Applications (like US Serial Number: 97519835 & 97341962 in willful contempt of a Federal Court "Indicative ORDER" issued July 17th 2012 for the wordmark "FIREHOUSE" in the Federal Court (Florence Division) S.C. Case No.: 4:09-cv-00618 *Firehouse Restaurant Group Inc v. Scurmont LLC*.[34] (SEE EXHIBIT "4 ").

**249.** Scurmont LLC v. Firehouse Restaurant Group, Inc., C/A No. 4:09-cv-00618-RBH, 2 (D.S.C. Jul. 8, 2011) ("FRG has filed for and obtained more than 60 federal trademark and service mark registrations for its marks from the United States Patent and Trademark Office ("USPTO"). Of the 60 or more registered marks obtained by FRG, one mark is the term "FIREHOUSE" for use in restaurant services: Registration Number 3,173,030 ("FIREHOUSE wordmark"). EXHIBIT "4." (a sealed hard copy is available as an offer of proof).

**250.** The doctrine of "Stare Decisis" is warranted in these matters of the word mark "FIREHOUSE" ("SUBS" Disclaimed) in FRG prosecuting the recent Trademark Registrations in 2022 and FRG should be estopped and FRG sanctioned.

---

[34] U.S. District Court District of South Carolina (Florence) CIVIL DOCKET #: 4:09-cv-00618-RBH" "[s]o long as the parties agree that the registration will not be "renewed" regarding the word mark "FIREHOUSE" See mandates also in USPTO SOLICITOR'S July 2012 Letter on the Court Docket" **SEE EXHIBIT "4.".**

**251.** Plaintiff, Rogers a stated herein since 2022 has been prosecuting a Trademark Registration for the wordmark "FIREHOUSE" (SUBS Disclaimed) U.S. Serial Number 97342247 that has been in use since 1993 FRG (FRG Corp. Execs, like Registrant ---AND sworn Declarant Robin Sorensen) are/has/have signed-off repeatedly since "the first successful" fraudulently obtained Trademark filed in 1995 ---which has repeatedly violated the legal terms of ; 37 C.F.R. 11.18 / 18 USC. § 1001 ---in bad faith.

**252.** The continued registration of the disputed and fraudulently obtained and maintained FRG mark(s) since the 1995 FIREHOUSE SUBS EST 1994 being Serial #: 74684468 (the perpetual "intent to deceive" the USPTO, the FTC., TD Bank, Morgan Stanley Chase Bank ("Assignees") and many others) has/will irreparably damage Petitioner, Rogers (and John Q. Public, like prospective Franchisees' paying 6% royalties on fraudulent ill-gotten ®FIREHOUSE SUBS Brand Franchise Trademarks). Accordingly, FRG is offering unsecured (invalid) "securities" nationwide and expanding the fraud globally (being offered/traded).

**253.** The USPTO Solicitor, Mr. Chen in 2012 letter expresses and thought it highly important to cancel FRG "FIREHOUSE" Trademark and forbid <u>any renewals of the wordmark "FIREHOUSE"</u>. **PLEASE SEE "EXHIBIT 4." below.**

**254.** This court should conclude irreparable harm exists to Plaintiff by his offering of proof and GRANT an injunction ORDER under FRCP Rule 65 demanding FRG cease from the Contempt of Court and the bad faith acts concerning their Trademark Portfolio; Under FRCP Rule 65 *"(c) Security. The United States, its officers, and its agencies are not required to give security."*

**255.** Therefore, Plaintiff, Rogers should not bear the costs of "security" since the Federal Court system is dutifully upholding a standing 2012 Federal Court Order;

## DUE PROCESS & FUNDAMENTAL FAIRNESS

Plaintiff, Rogers is seeking a full and fair hearing and a neutral, unbiased decision-maker in the Federal Court venue.    A fair and meaningful hearing before an unbiased tribunal (Jury) and before an Article III., Federal Judge is the Plaintiff's prayer.    This is one of several reasons the Plaintiff has filed his Complaint to this Honorable, Federal Middle District Court of Jacksonville, Florida.    Plaintiff puts forth this fair and meaningful hearing prayer; on the record, because the facts are the two FIREHOUSE SUBS Co-Founders, Robin and Chris Sorensen alongside partner, Stephen Joost (Former, City Council Member) are lifelong Jacksonville, Residents who have garnered considerable influence and power over the years that could pose as conflict of interests in the Jacksonville Florida area and surrounding Counties (e.g. Media-Outlets, Witnesses, Voir Dire, etc.,).    In example, the FBI has given Awards to the Co-Founder, Robin Sorensen (Father-in-law, Former, FBI) and sizable Grants to the City (FIRE / RESCUE DEPARTMENTS., POLICE, COMMUNITY EVENTS) and most recently a large donation ("Sorensen Boys Ranch") for the Sheriff Department and generous support to friends and family. Accordingly, all that benevolent giving is extremely charitable in and of its own self.

## SPOLIATION CLAUSE

Plaintiff demands that Defendants take necessary actions to ensure the preservation of all documents and things related to the case-in any format-hard copy, graphic images, electronic, and visual, inclusive of but not limited to: the complete booklet bound copy's (8 color pages) of the "1993 Firehouse Subs Booklet" that the Co-Defendants Chris and Robin Sorensen were provided/granted by Plaintiff and any logo graphics (with scribed wordmark) created before 1994 on FIREHOUSE SUBS product or services.

For the record, Co-Founder, Chris Sorensen was provided two (2) copies in 1993 and one (1) more copy in 2010 and Robin Sorensen was provided two (2) copies in 1993 from Plaintiff, Rogers.   Lastly, Defendants are put on notice to preserve all things, as listed above, as well as information, materials, communications, or other content related to the allegations in this infringement and trademark fraud case.

ELECTRONIC FEDERAL FILINGS (CM/ECF) COURT ACCESS:

Defendants, under local rules, will likely have immediate, swift, electronic filing access whereas Plaintiff, being Pro Se will not have equal access; but rather must file a Motion to be approved by the Court for (CM/ECF).    Therefore, Plaintiff does not concede to any service of papers electronically (e.g. by email) under Fed. R. Civ. P. Rule 5., until such a time the Plaintiff gets electronic filing benefits (access, speed, timing, costs) that Defendants are granted from the onset of the Federal Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Rogers asks this Court to enter preliminary and final orders and judgments as necessary to provide Plaintiff the following requested relief:

a) Finding Defendants' liable for copyright infringement by virtue of Defendants' unauthorized use of Plaintiff, Rogers original creative work; and

b) Finding Defendants' copyright infringement to be voluntary and an intentional violation of Defendants' known duties, and therefore willful; and

**PAGE -68-**

c) Finding for an award of damages against Defendants' under §504; and

d) Finding that the Defendants' profits ("Royalty" share) be paid to Plaintiff, Rogers in an amount according to proof at trial and <u>find for a disgorgement remedy in favor of Plaintiff</u>; and

e) Finding that Defendants be permanently enjoined from all further infringement of Plaintiff, Rogers original work (e.g. FIREHOUSE SUBS Graphic Logo; and Common Law Marks under Florida Law; and

f) Finding for an award under 17 U.S.C. § 505 allowing recovery of the full costs of this action, including Plaintiff's out of pocket costs; and

g) Finding that Defendants committed trademark fraud; and

h) Finding that Defendants fraudulently procured trademarks will be cancelled and not a bar to Plaintiff's USPTO Registration filings for FIREHOUSE or FIREHOUSE SUBS and current prosecution for these Registration(s);

i) Finding that Defendants be permanently enjoined from filing Federal Trademark Registrations (under the 2012 Indicative Order) and any and all use of the fraudulent "FIREHOUSE" SUBS wordmark(s); and,

j) Finding that the Defendants' profits be paid to Plaintiff, Rogers under 15 U.S. Code § 1120 Civil Liability in an amount according to proof at trial and/or <u>find for a disgorgement remedy in favor of Plaintiff</u>; and

k) Finding under copyright rights "Attribution" that "Billy Rogers" shall be given acknowledgement publicly as a FIREHOUSE SUBS, Co-Founder;

l) Finding that Defendants be ordered to pay to Plaintiff, Rogers pre-judgment and post-judgment interest on all applicable damages;

Such and other relief as the Court deems appropriate

\*\*\*\*

## **DEMAND FOR JURY TRIAL**

**Plaintiff hereby demands a trial by jury on all claims and triable issues.**

\*\*\*\*\*

Respectfully submitted,

William H. Roger, Pro Se
FIREHOUSE SUBS, Co-Founder
215 Rockhouse Road
Senoia, Georgia 30276
T:    (828) 817-4406
E:    billyrogersemail@gmail.com

DATED:  JUNE 5th 2023

## **VERIFICATION**

I, William H. Rogers Plaintiff in this action hereby declares that the statements of fact made in COMPLAINT OF PLAINTIFF' are true according to my personal knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

DATED:  JUNE 5th 2023

/ WILLIAM H. ROGERS /

## CERTIFICATE OF SERVICE

A true and correct copy of PLAINTIFF'S COMPLAINT is being hand delivered to the Court for filing and thereafter will be served (by private process service) upon all Defendants in accordance with the Federal Rules of Civil Procedure.

**FIREHOUSE OF AMERICA, LLC.
("FOA" <u>since 2004 "FRG" "Title Manager" EIN#: 59- 296186</u>)**
<u>Registered Agent Name & Address:</u>
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324
<u>Business Mailing Address:</u>
12735 GRAN BAY PARKWAY,
SUITE 150
JACKSONVILLE, FL 32258

**FIREHOUSE RESTAURANT
GROUP, LLC., et. al.  ("FRG")
<u>EIN#: 59- 296186</u> (<u>since 1995</u>)**
<u>Registered Agent Name & Address:</u>
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND
ROAD PLANTATION, FL 33324
<u>Business Mailing Address</u>
12735 GRAN BAY PARKWAY,
SUITE 150
JACKSONVILLE, FL 32258

**ROBIN O. SORENSEN,
FIREHOUSE SUBS,
Co-Founder**
2628 STATE ROAD 13
SAINT JOHNS, FL 32259

**CHRIS R. SORENSEN,
FIREHOUSE SUBS,
Co-Founder**
2510 STATE ROAD 13
ST JOHNS, FL 32259

**SORENSEN BROTHERS, INC.**
(Formerly, by Conversion,
FIREHOUSE SUBS, INC. since 1994)
<u>Registered Agent Name & Address:</u>
ROBIN O. SORENSEN
2628 STATE ROAD 13
SAINT JOHNS, FL 32259

**DON M. FOX
FRG / FIREHOUSE SUBS
Corporate "Chairman"**
<u>Registered Agent Name & Address:</u>
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324
<u>Business Mailing Address</u>
12735 GRAN BAY PARKWAY,
SUITE 150
JACKSONVILLE, FL 32258

**Respectfully submitted,**

**William Harris Rogers, Jr., Pro se    - DATED:  JUNE 5th 2023**

PAGE -71-